■ CHASE MANHATTAN BANK, N. A., Appellant, v PATRICK EDWARDS, Respondent. — Appeal from an order of the Supreme Court at Special Term (Miner, J.), entered July 10, 1981 in Albany County, which denied plaintiff's motion for summary judgment dismissing the counterclaim. As the result of a foreclosure action, plaintiff was the owner of certain real property located in Ulster County. By a contract of sale dated October 16, 1978, plaintiff agreed to sell the property to defendant for $3,400 in cash and a purchase-money mortgage in the amount of $48,600. Defendant alleges that at a luncheon prior to the signing of the contract,[*] an officer of the plaintiff bank advised him that the bank had fire insurance coverage on the property and that defendant's obligation to obtain insurance could be satisfied by transferring the policy to defendant, which the officer agreed to do if defendant was satisfied with the coverage afforded by the policy. Defendant further alleges that several weeks later he reviewed the policy, which had an expiration date in April 1979, and advised the officer that he was satisfied with its coverage. He took no further steps to obtain insurance or ascertain that the policy obtained by the bank had been transferred to him. In fact, the policy had been canceled shortly after the closing. In March, 1979, one of the buildings located on the property was destroyed by fire, and when defendant learned that his loss was not covered by insurance, he stopped paying on the note. Plaintiff then commenced an action to foreclose the mortgage. In response, defendant has alleged as a counterclaim that he sustained damages as a result of his reliance on the statements or representations made by plaintiff's officer concerning fire insurance coverage for the property. By prior order not subject to this appeal, plaintiff's motion for partial summary judgment foreclosing the mortgage was granted. The prior order did not involve the validity of defendant's counterclaim. Plaintiff thereafter moved for summary judgment dismissing defendant's counterclaim. The motion was denied and this appeal ensued. The contract of sale, which defendant signed after the representations were allegedly made, provides that the mortgage "shall be drawn on the standard forms of New York Board of Title Underwriters", which, for the mortgage involved herein, contains a provision requiring the mortgagor to keep the buildings on the premises insured against loss by fire. The contract of sale further contains a merger

---

* The signing of the contract of sale and the passing of title both occurred at a closing held October 16, 1978 at the bank's offices in Albany; the mortgage and note were executed on October 20, 1978, at the offices of the bank's attorney in Saugerties.

clause, which provides that "neither party [is] relying upon any statement or representation, not embodied in this contract, made by the other", and a clause which prohibits oral modification of the agreement. Defendant has not sought to set aside the contract for fraud in the inducement. Rather, he seeks damages incurred as the result of his reliance upon alleged negligent misrepresentation. A cause of action based upon negligent misrepresentation requires not only carelessness in imparting words upon which others rely to their damage, but also that such information be "expressed directly, with knowledge or notice that it will be acted upon, to one whom the author is bound by some relation of duty, arising out of contract or otherwise, to act with care if he acts at all" (*White v Guarente*, 43 NY2d 356, 363). Where, as here, the very instrument that creates the required "relation of duty" expressly provides that neither party is relying upon representations or statements not contained in the contract, there can be no cause of action based on negligent statements or promises allegedly made before the contract was executed (*Dorsey Prods. Corp. v United States Rubber Co.*, 21 AD2d 866, 867, affd 16 NY2d 925). The order should, therefore, be reversed, and plaintiff's motion for summary judgment dismissing the counterclaim granted. Order reversed, on the law, with costs, and motion granted. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.