■ DALE W. CETNAR, Respondent, v CHRISTOPHER J. KINOWSKI et al., Appellants. [693 NYS2d 730] —Cardona, P. J. Appeal from an order of the County Court of Montgomery County (Sise, J.), entered April 28, 1998, which, inter alia, affirmed a judgment of the City Court of the City of Amsterdam in favor of plaintiff.

This action arises out of plaintiff's purchase of a two-family residence in the City of Amsterdam, Montgomery County. In October 1988, plaintiff entered into a written contract to purchase the property from defendants for the sum of $58,000. During a walk-through of the property the day before the closing, plaintiff inquired as to whether defendants had experienced

any problems with the plumbing or water lines. Defendant Christopher J. Kinowski (hereinafter defendant), who accompanied plaintiff during the walk-through, responded in the negative. The closing occurred on January 11, 1989. Within a week of moving in during April 1989, plaintiff noticed that raw sewage had backed up in the basement. Plaintiff called a plumbing company which, after unsuccessfully attempting to snake the sewer line to unplug the drain, advised plaintiff that the sewer line had collapsed. Representatives of the City of Amsterdam confirmed that fact and related to plaintiff that they had told the prior owner the sewer line needed replacement. Plaintiff expended approximately $3,800 to replace the sewer line.

In April 1991, plaintiff commenced this action against defendants alleging that they fraudulently failed to disclose latent defects in the sewer line for the purpose of inducing plaintiff to purchase the premises. A trial of the matter was held in Amsterdam City Court and the court awarded plaintiff the sum of $5,228.15 plus interest. Defendants appealed the decision to County Court, which dismissed the appeal as untimely. Following this Court's reversal of County Court's order (245 AD2d 974), County Court affirmed City Court's judgment with respect to its finding of liability, but reduced damages by eliminating the award for lost rents.

Defendants contend, *inter alia*, that plaintiff may not recover upon his fraud cause of action because the contract of sale contained a provision wherein plaintiff agreed to accept the property "as is". Initially, we note that a general merger or "as is" clause in a contract for the sale of real property does not operate to bar the introduction of parol evidence to show fraud in the inducement (*see, Danann Realty Corp. v Harris*, 5 NY2d 317, 320; *Schooley v Mannion*, 241 AD2d 677, 678; *Smith v Fitzsimmons*, 180 AD2d 177, 181). It is only when a specific disclaimer is included in the contract in which the purchaser indicates that he or she has undertaken an inspection of the property or is not relying upon representations made as to the physical condition of the property that such evidence is precluded (*see, Schooley v Mannion, supra*, at 678; *Long v Fitzgerald*, 240 AD2d 971, 973; *Landes v Sullivan*, 235 AD2d 657, 659). Inasmuch as the instant contract merely contained a general merger or "as is" provision, plaintiff was not precluded from relying upon parol evidence in support of his fraud claim.

In order to prevail upon a cause of action for fraud, the plaintiff must establish "(1) misrepresentation of a material fact, (2) scienter, (3) justifiable reliance, and (4) injury or

damages" (*Rosario-Suarz v Wormuth Bros. Foundry*, 233 AD2d 575, 578; *see, Young v Keith*, 112 AD2d 625, 626). Notably, "nondisclosure may constitute a false representation where a party has a duty to communicate the undisclosed information to the other contracting party" (*Young. v Keith, supra*, at 626-627). In the instant case, ample evidence was adduced at trial that, prior to the closing of title, defendants had knowledge of problems with the sewer line; however, defendants failed to disclose them even after plaintiff made a direct inquiry. Significantly, defendant testified that the sewer backed up seven times between the months of July and November 1988 requiring him to snake the drain. He admitted that he did not reveal this information to plaintiff. Plaintiff testified that defendant denied any problems with the plumbing and that he relied upon such representations in proceeding with the sale. Undisputed evidence was put forth that plaintiff expended approximately $3,800 in replacing the sewer line. In our view, the foregoing evidence adequately supports plaintiff's claim of fraud.

We further reject defendants' contention that plaintiff's failure to conduct a reasonable investigation of the sewer system prior to the sale precludes him from recovering upon his fraud claim. We acknowledge that, in contracts for the sale of real property, "unless the facts are matters peculiarly within one party's knowledge, the other party must make use of means available to him to ascertain, by the exercise of ordinary intelligence, the truth of such representations" (*Casey v Masullo Bros. Bldrs.*, 218 AD2d 907, 908). "If, however * * * 'the facts were peculiarly within the knowledge of the defendant[ ] and were willfully misrepresented, [then] failure of [a purchaser] to ascertain the truth * * * [will] not [be] fatal' " (*id.*, at 908, quoting *Todd v Pearl Woods*, 20 AD2d 911, *affd* 15 NY2d 817). The evidence herein establishes that the backup of the sewer line was an intermittent occurrence which defendant remedied by periodically snaking the line. Plaintiff inspected the water and sewer lines prior to the closing to the extent of flushing the toilets and running the faucets to ensure that they were working properly. In our opinion, given plaintiff's actions and the nature of the problem, plaintiff undertook reasonable steps to ascertain the truth of defendant's representations. The defect was a matter within the knowledge of defendants which they had a duty to disclose and should have disclosed. We have considered defendants' remaining claims and find them to be without merit.

Mercure, Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.