OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
A review of the record in this small claims action indicates that substantial justice was done between the parties in accordance with the rules and principles of substantive law (see UJCA 1807). Real Property Law § 462 (1) provides in pertinent part:
“[E]very seller of residential real property . . . shall complete and sign a property condition disclosure statement. . . and cause it, or a copy thereof, to be delivered to a buyer or buyer’s agent prior to the signing by the buyer of a binding contract of sale. A copy of the property condition disclosure statement . . . shall be attached to the real estate purchase contract. Nothing contained in this article or this disclosure statement is intended to prevent the parties to a contract of sale from entering into agreements of any kind . . . with respect to the physical condition of the property to be sold, including, but not limited to, agreements for the sede of real property ‘as is.’ ”
Subdivision (2) of Real Property Law § 462 sets forth the disclosure form which, inter alia, instructs the seller to complete the form based upon the seller’s “ACTUAL KNOWLEDGE,” and contains the seller’s certification that “THE INFORMATION IN THIS PROPERTY CONDITION DISCLOSURE STATEMENT IS TRUE AND COMPLETE TO THE SELLER’S ACTUAL KNOWLEDGE AS OF THE DATE SIGNED BY THE SELLER.” Pursuant to Real Property Law § 465 (2), where a seller provides a property condition disclosure statement and “willful[ly] fail[s] to perform the requirements of this article . . . [such] seller shall be liable for the actual damages suffered by the buyer in addition to any other existing equitable or statutory remedy.”
In the instant case, defendant seller delivered to plaintiff buyer a property condition disclosure statement prior to the signing of the residential contract of sale (see Real Property Law § 462). Entry 30 of the disclosure statement, which posed the question: “Are there any flooding, drainage or grading problems that resulted in standing water on any portion of the *40 property,” was checked off “[n]o.” It is uncontroverted that there was a prior water leakage in the basement during a severe storm, and that defendant had actual knowledge of such occurrence but did not disclose it in the disclosure statement because, according to defendant, it was an anomaly. The court below determined that although the contract of sale contained an “as is” provision, such provision “included [the] [Disclosure [Statement” and defendant should have disclosed the prior flooding problem under entry 30. The court accordingly awarded plaintiff the sum of $1,500 for damages caused due to water leakage in the basement.
Defendant argues that the disclosure statement does not survive the contract of sale, which included an “as is” provision, which states in pertinent part:
“Condition of Property. Purchaser acknowledges and represents that Purchaser is fully aware of the physical condition and state of repair of the premises and of all other property included in this sale, based on Purchasers’s own inspection and investigation thereof, and that Purchaser is entering into this contract based solely upon such inspection and investigation and not upon any information, data, statements or representations, written or oral, as to the physical condition, state of repair, use, cost of operation or any other matter related to the Premises or the other property included in the sale, given or made by Seller or its representatives, and shall accept the same ‘as is’ in their present condition and state of repair . . . .”
The statute clearly provides that the disclosure statement does not prevent the parties to a contract of sale from agreeing to the sale of the property “as is” (Real Property Law § 462 ). Contrary to defendant’s contention, such agreement does not thereby vitiate the disclosure statement which the statute requires “shall be attached to the real estate purchase contract” (Real Property Law § 462 [1]), nor waive the buyer’s cause of action specifically provided for under Real Property Law § 465 (2) (contra Malach v Cheng Lung Chuang, 194 Misc 2d 651, 662 [2002]). Adoption of the defendant’s position would effectively nullify the statutory remedy afforded to the buyer in the situation where the seller, having provided the buyer with a disclosure statement which certifies that “the information . . . is true and complete to the seller’s actual knowledge as of the date signed by the seller,” includes statements therein about *41 the property condition which, to the seller’s actual knowledge, are misrepresentations. Further, there is nothing in the statute to suggest that the parties’ agreement to an “as is” provision in the contract of sale should be deemed inconsistent with a disclosure statement, or that the latter is of necessity superseded by an “as is” provision. The statute clearly contemplates the validity of both instruments since it provides that “[n]othing contained in . . . this disclosure statement is intended to prevent the parties . . . from entering into . . . agreements for the sale of real property ‘as is.’ ” (Real Property Law § 462 [1].) Indeed, it may very well be that the seller has actually set forth known defects in the disclosure statement, in which case the “as is” provision eminently encompasses the statements, thereby also conceivably protecting the seller from a common-law claim of fraud and/or misrepresentation. Accordingly, upon defendant’s willful failure to disclose the prior flooding problem, plaintiff was entitled to recover actual damages (contra Malach v Cheng Lung Chuang, 194 Misc 2d 651 [2002], supra).
Rudolph, EJ., Angiolillo and Tanenbaum, JJ., concur.