■ PETER SIMONE, Respondent, et al., Plaintiff, v HOMECHECK REAL ESTATE SERVICES, INC., Doing Business as PRO CHEK PLATINUM PLUS HOME INSPECTIONS, et al., Defendants, and MARGARET CLEARY et al., Appellants. [840 NYS2d 398]—

In an action, inter alia, to recover damages for fraud and breach of contract, the defendants Margaret Cleary and James Cleary appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 31, 2006, as denied those branches of their motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (7), and for summary judgment dismissing the complaint insofar as asserted by the plaintiff Peter Simone against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellants' motion pursuant to CPLR 3211 (a) (7) which was to dismiss the cause of action alleging breach of contract and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

In connection with the sale of their residential property, the defendants Margaret Cleary and James Cleary (hereinafter the sellers) completed a property condition Disclosure Statement (hereinafter the Disclosure Statement) (see Real Property Law §§ 462, 465; Ayres v Pressman, 14 Misc 3d 145[A], 2007 NY Slip Op 50397[U] [2007]; Calvente v Levy, 12 Misc 3d 38 [2006]), in which the sellers answered "No" to certain questions, thereby indicating that there were: no material defects in the footings, no rotting or water damage, no flooding, drainage, or grading problems that resulted in standing water on any portion of the property, no seepage in the basement that resulted in standing water, no known material defects in the plumbing system, foundation/slab, interior walls/ceilings, exterior walls or siding, floors, chimney and patio/deck, and that no radon test had been done. In June 2003, the defendant Robert E. O'Connor, a real estate broker, showed the property to the plaintiff Peter Simone (hereinafter the buyer), and provided him with a copy of the Disclosure Statement. The buyer then contracted with the defendant Homecheck Real Estate Services, Inc. (hereinafter Homecheck), to perform a home inspection. Homecheck's inspection report did not state that there was any material defect in the property. The buyer and sellers entered into a contract of sale for the property. Subsequent to the closing, the buyer allegedly discovered material defects in the property

including: water leaking through the porch, the rear deck sinking because of excessive water and pooling of water, the roof separating from the rest of the house due to the deck sinking, improper footings on the deck, mold behind the sheetrock caused by water in the basement, the radon system blower was inoperative, a cracked chimney, rotted bathroom floors due to excessive water leakage and evidence of long-term heavy water damage on the garage roof and walls.

The buyer commenced this action to recover damages, and asserted causes of action sounding in fraud, alleging that the sellers failed to correct the false information provided to him in the Disclosure Statement regarding these alleged material defects and actively concealed these defective conditions, and breach of the contract of sale, which incorporated the Disclosure Statement.

New York adheres to the doctrine of caveat emptor and imposes no liability on a seller for failing to disclose information regarding the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment (*see Matos v Crimmins*, 40 AD3d 1053 [2007]; *Jablonski v Rapalje*, 14 AD3d 484, 485 [2005]; *Platzman v Morris*, 283 AD2d 561, 562 [2001]; *London v Courduff*, 141 AD2d 803, 804 [1988]). The mere silence of the seller, without some act or conduct which deceived the buyer, does not amount to a concealment that is actionable as a fraud (*see Matos v Crimmins, supra; Slavin v Hamm*, 210 AD2d 831, 832 [1994]). To maintain a cause of action to recover damages for active concealment in the context of a fraudulent nondisclosure, the buyer must show, in effect, that the seller thwarted the buyer's efforts to fulfill the buyer's responsibilities fixed by the doctrine of caveat emptor (*see Jablonski v Rapalje, supra; Platzman v Morris, supra*).

Here, the buyer asserted causes of action alleging fraudulent misrepresentation based on knowingly false statements made by the sellers both orally and in the Disclosure Statement, and alleged that the sellers actively concealed defective conditions. However, the sellers claimed that the buyer failed to show that they thwarted his efforts to fulfill his responsibilities fixed by the doctrine of caveat emptor, or that they engaged in active concealment of the defective conditions (*see Venezia v Coldwell Banker Sammis Realty*, 270 AD2d 480 [2000]; *cf. Lohan v Teja*, 22 AD3d 647 [2005]; *Jablonski v Rapalje, supra*).

When a seller makes a false representation in a Disclosure Statement, such a representation may be proof of active concealment (*see McMullen v Propester*, 13 Misc 3d 1232[A], 2006 NY

Slip Op 52093[U] [2006]). Here, the alleged false representations by the sellers in the Disclosure Statement support a cause of action alleging fraudulent misrepresentation in that such false representations may be proof of active concealment. Accordingly, the Supreme Court properly denied that branch of the sellers' motion which was to dismiss the causes of action alleging fraudulent misrepresentation pursuant to CPLR 3211 (a) (7).

Where the contract specifically disclaims the existence of warranties or representations, a cause of action alleging breach of contract based on such a warranty or representation cannot be maintained (*see Bedowitz v Farrell Dev. Co.*, 289 AD2d 432 [2001]). Here, the contract of sale specifically provided that the premises had been inspected by the buyer and was being sold "as is" without warranty as to condition, express or implied. Furthermore, a specific merger clause is contained in the rider to the contract and precludes the buyer from claiming that he relied on any of the sellers' alleged misrepresentations (*see London v Courduff, supra*). In addition, because title to the property had closed and the deed was delivered, the doctrine of merger extinguished any claim the buyer may have had regarding the contract of sale (*see Ka Foon Lo v Curis*, 29 AD3d 525 [2006]). Hence, the cause of action to recover for breach of contract cannot be maintained and should have been dismissed pursuant to CPLR 3211 (a) (7).

The sellers' remaining contentions are without merit. Mastro, J.P., Santucci, Skelos and Dickerson, JJ., concur.