◼ Bryan Kurtz et al., Respondents, v Thomas Foy et al., Appellants. [884 NYS2d 498]—

Garry, J. Appeal from that part of an order of the Supreme Court (Ferradino, J.), entered January 7, 2009 in Saratoga County, which partially denied defendants' motion to dismiss the complaint.

In November 2004, plaintiffs purchased from defendants a 3.28-acre parcel of lakefront property in the Town of Greenfield, Saratoga County. A dirt-and-gravel roadway known as Braden Road runs across the property, roughly parallel to the shoreline. Plaintiffs claim that prior to their purchase and in response to their inquiries, defendants repeatedly assured them that the roadway was private. They allegedly showed plaintiffs a survey map on which the roadway was marked as private and advised that it was used by no one else, other than a short easement used only by a neighboring family to put their boat into the lake. Defendants allegedly stated that they owned the property all the way to the shoreline and that plaintiffs would be able to build on top of the roadway or block it off if they chose. In addition, defendants completed, signed, and provided a property condition disclosure statement in which they indicated that no one else had a right to use any portion of their property, "such as rights to use a road or path," and that no one else claimed to own any part of the property.

Before the closing, plaintiffs' attorney contacted the Town Clerk to confirm the status of Braden Road and was allegedly advised that it was private. The realtor handling the sale made similar inquiries with the Town Building Department and was allegedly told that the roadway was private and that setbacks for construction on the property would therefore be measured from the lakefront rather than the roadway. Plaintiffs allegedly also spoke independently with the Town Clerk and with a Town Building Department employee and were advised that Braden Road was private.

During the spring and summer following their purchase of the parcel, plaintiffs noticed parking and street signs erected by the Town on Braden Road, which they allege were not there when they bought the property, and cars using the roadway to access the parcel's beachfront. Upon investigation, they then learned that the roadway had been public since 1963, when the Town laid claim to it as a highway by use pursuant to Highway Law § 189. Plaintiffs further discovered that defendants knew of the roadway's public status and, in 1994, had unsuccessfully petitioned the Town to abandon it. They also learned that during defendants' term of ownership members of the public had routinely used the parcel's lakefront and traversed Braden Road to reach it.

Plaintiffs commenced this action for rescission, alleging breach of warranty against encumbrances, fraud, and negligent misrepresentation. Defendants moved, among other things, for dismissal of the complaint for failure to state a cause of action. Supreme Court granted defendants' motion in part, dismissing plaintiffs' cause of action for breach of warranty but refusing to dismiss the causes of action for fraud and negligent misrepresentation. Defendants appeal from that part of the order that denied dismissal of these claims.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), a court "must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide [a] plaintiff the benefit of every possible inference" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *see Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976 [2004]). Defendants contend that even under this liberal standard, Supreme Court erred in refusing to dismiss the causes of action in fraud and negligent misrepresentation.

"Fraud is established where a defendant knowingly misrepresents a material fact, someone justifiably relies upon that misrepresentation and the plaintiff is thereby injured" (*Roche v Claverack Coop. Ins. Co.*, 59 AD3d 914, 918 [2009] [citations

omitted]). As to negligent misrepresentation, plaintiffs must establish that " 'defendant[s] had a duty, based upon some special relationship with them, to impart correct information, that the information given was false or incorrect and that plaintiffs reasonably relied upon the information provided' " (*Berger-Vespa v Rondack Bldg. Inspectors*, 293 AD2d 838, 841 [2002], quoting *Hausler v Spectra Realty*, 188 AD2d 722, 724 [1992]). Defendants maintain that plaintiffs cannot establish either claim because they cannot demonstrate justifiable reliance upon the alleged misrepresentations.

Justifiable reliance does not exist " '[w]here a party has the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and fails to make use of those means' " (*Tanzman v La Pietra*, 8 AD3d 706, 707 [2004], quoting *Stuart Silver Assoc. v Baco Dev. Corp.*, 245 AD2d 96, 98-99 [1997]; *accord Lusins v Cohen*, 49 AD3d 1015, 1017 [2008]). However, a purchaser's failure to determine a transaction's true nature by inspecting public records is not fatal when "the facts were peculiarly within the knowledge of the defendant[ ] and were willfully misrepresented" (*Cetnar v Kinowski*, 263 AD2d 842, 844 [1999], *lv dismissed* 94 NY2d 872 [2000] [internal quotation marks and citations omitted]). Defendants assert that Braden Road's public nature was not peculiarly within their knowledge, contending that the roadway was listed as a public highway on the Town's 1963 Annual Road Inventory and on Saratoga County's Official 2000 Highway Map and that plaintiffs could have discovered its public nature. They note that the title report prepared by plaintiffs' attorney indicated that the property was "[s]ubject to right of others to use Braden Road which crosses the insured premises." However, even if the roadway's public nature was not peculiarly within defendants' knowledge, their unsuccessful petition to have it abandoned by the Town may have been, and plaintiffs allege that the failure to disclose this information in response to their inquiries constituted willful misrepresentation. We agree that, viewed in the light most favorable to plaintiffs, the pleadings sufficiently state causes of action in fraud and negligent misrepresentation.

Mercure, J.P., Rose, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.