■ JAMES KLAFEHN, Respondent, v MARIA C. MORRISON et al., Appellants. [906 NYS2d 347]—

Egan Jr., J. Appeal from an order of the Supreme Court

(Mulvey, J.), entered October 29, 2009 in Tompkins County, which partially denied defendants' motion for summary judgment dismissing the complaint.

Defendants, together with their late or former spouses, purchased a four-unit apartment building in the City of Ithaca, Tompkins County in 1973. In 1998, a tenant in the basement apartment reported that the toilet was leaking and the floor was "rickety." In return for an abatement of his rent, the tenant tore up a portion of the bathroom floor, finding rotten wood and an accumulation of a "black ooze" under the toilet. The tenant consulted with the owners who arranged for a contractor to pump out the ooze-like material, and the tenant then replaced the rotten lumber and reinstalled the toilet with a new wax seal. In late 2007, defendants listed the property for sale. After learning of the property through a broker, plaintiff toured the building with a realtor and noticed that the bathroom floor in the basement was, in his words, "soft." In an information packet concerning the property, plaintiff was provided with a property condition disclosure statement (hereinafter PCDS), signed by defendants in October 2007, in which they disclosed that the building suffered from seasonal dampness in the basement; they disclosed no other defects.

Thereafter, plaintiff and defendants entered into a contract of sale. Prior to the closing, plaintiff retained a professional inspector to render an opinion concerning the condition of the building and, in December 2007, plaintiff and the inspector together toured the property. During this tour, plaintiff pointed out to the inspector the soft spots in the bathroom floor that he had noticed during his first tour. Thereafter, the inspector provided plaintiff with a written report in which he observed that the basement apartment's "bathroom subfloor gives/is soft when walked on" and that a sanitary waste line was leaking. This report cautioned that both of these conditions indicated the presence of hazardous or damaged materials and that repairs were recommended. Notwithstanding this information, plaintiff did not broach either his own or the inspector's observations with defendants and proceeded with the closing, which occurred in February 2008.

In June 2008, after the basement tenant had moved out, plaintiff went to the building with the intention of replacing the floor in the bathroom. When he started to remove the flooring, plaintiff found an accumulation of a water and sludge mixture, decayed floor joists and perforated iron waste lines. Plaintiff then commenced this action against defendants alleging that they had fraudulently misrepresented the condition of the prop-

erty based on their failure to disclose the condition of the waste water discharge lines. After joinder of issue, defendants moved for summary judgment dismissing the complaint in its entirety. Supreme Court denied that part of defendants' motion seeking dismissal of the first cause of action alleging fraud in the inducement.* Defendants now appeal.

To establish a cause of action for fraud, plaintiff must demonstrate that defendants knowingly misrepresented a material fact upon which plaintiff justifiably relied and which caused plaintiff to sustain damages (*see Dube-Forman v D'Agostino*, 61 AD3d 1255, 1257 [2009]; *Cetnar v Kinowski*, 263 AD2d 842, 843-844 [1999], *lv dismissed* 94 NY2d 872 [2000]). Although New York traditionally adheres to the doctrine of caveat emptor in an arm's length real property transfer (*see Meyers v Rosen*, 69 AD3d 1095, 1096 [2010]), Real Property Law article 14 codifies a seller's disclosure obligations for certain residential real property transfers, including the transaction between the parties in this case (*see* Real Property Law § 461 [5]). "The mechanism for disclosure is the PCDS form, the particulars of which are mandated by statute" (*Meyers v Rosen*, 69 AD3d at 1096; *see* Real Property Law § 462 [2]). Disclosure is based on the seller's "actual knowledge" of a defect or condition affecting the property at the time the seller signs the disclosure (*see* Real Property Law § 461 [3]; § 462 [2]; *Meyers v Rosen*, 69 AD3d at 1096). While false representation in a disclosure statement may constitute active concealment in the context of fraudulent nondisclosure (*see Anderson v Meador*, 56 AD3d 1030, 1035 [2008]; *Simone v Homecheck Real Estate Servs., Inc.*, 42 AD3d 518, 520-521 [2007]), to maintain such a cause of action, "the buyer must show, in effect, that the seller thwarted the buyer's efforts to fulfill the buyer's responsibilities fixed by the doctrine of caveat emptor" (*Simone v Homecheck Real Estate Servs., Inc.*, 42 AD3d at 520; *see Meyers v Rosen*, 69 AD3d at 1099).

Here, while there was evidence that defendants were aware that there was a leakage problem in the basement apartment in 1998, there was also evidence that they or their spouses arranged to make repairs that corrected the condition, and that thereafter there were no further complaints, establishing defendants' prima facie entitlement to summary judgment (*see Stoian v Reed*, 66 AD3d 1278, 1280 [2009]). We disagree with Supreme Court's conclusion that plaintiff raised triable issues of fact sufficient to avoid summary judgment in defendants'

---

* Supreme Court dismissed plaintiff's second cause of action asserting a breach of contract as barred by the merger doctrine (*see Arnold v Wilkins*, 61 AD3d 1236, 1236-1237 [2009]).

favor dismissing plaintiff's first cause of action (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Stoian v Reed*, 66 AD3d at 1280). Simply, there is no evidence that a toilet leak, thought to have been repaired some nine years prior to plaintiff's purchase of the property, would give defendants actual notice of deteriorated pipes underneath the basement floor. Further, there is no evidence that the disclosure of "seasonal dampness" constituted active concealment, such that defendants interfered with or thwarted plaintiff's efforts to fulfill his responsibilities fixed by the doctrine of caveat emptor (*see Stoian v Reed*, 66 AD3d at 1280). Indeed, plaintiff's own observations of the condition of this floor, combined with his inspector's report—all made or received preclosing—should have raised a red flag prompting further inquiry and undermines his claims that he reasonably relied on defendants' representations and that defendants actively concealed the defects (*see Marsh v Hasbrouck*, 37 AD3d 1010, 1012 [2007], *lv dismissed* 9 NY3d 886 [2007]; *Berger-Vespa v Rondack Bldg. Inspectors*, 293 AD2d 838, 840-841 [2002]; *DonDero v Gardner*, 267 AD2d 830, 831 [1999]). As such, plaintiff's claim of fraudulent inducement is precluded and must be dismissed.

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as partially denied defendants' motion for summary judgment; motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.