■ JODY PETTIS et al., Respondents, v BRYAN HAAG et al., Appellants. [923 NYS2d 745]—

Garry, J. Appeal from an order of the Supreme Court (Cerio Jr., J.), entered January 5, 2010 in Madison County, which denied defendants' motion for, among other things, summary judgment dismissing the complaint.

In April 2007, defendants listed their residence in the Town

of Canastota, Madison County for sale, and executed a property condition disclosure statement in accord with Real Property Law article 14. Within this statutory disclosure document the sellers asserted, among other things, that there were no material defects in the roof or electric service of the residence, and no flooding, drainage or grading problems that resulted in standing water on any portion of the property. Plaintiffs contracted to purchase the property and hired an inspection service to examine the residence. The inspection report listed several areas of concern—including missing shingles on the roof, incorrect wires in a breaker box and evidence of water seepage in the basement that could require grading work—prompting the parties to execute an addendum to the purchase contract, in which defendants agreed to repair and replace the missing shingles, remove the incorrect wires and add electrical breakers as necessary prior to the closing. In August 2007, plaintiffs performed a walk-through inspection, and closed on the property shortly thereafter.

Plaintiffs discovered in October 2007 that defendants had not remedied the electrical problems listed in the addendum. In February 2008, they found additional wiring problems that had been concealed behind the basement ceiling. The property suffered extensive flooding repeatedly. The roof lost approximately 40 shingles annually due to wind. In May 2009, plaintiffs commenced this action presenting these issues, and alleging that defendants had knowingly made fraudulent material representations about the condition of the property relative to these flooding, roof and electrical problems. Prior to joinder of issue, defendants sought dismissal of the complaint for failure to state a cause of action and a defense based on the documentary evidence or, in the alternative, summary judgment. Supreme Court denied the application on both grounds, and defendants appeal.

To establish their cause of action for fraud, plaintiffs must demonstrate that defendants knowingly misrepresented a material fact upon which plaintiffs justifiably relied, causing their damages. "Although New York traditionally adheres to the doctrine of caveat emptor in an arm's length real property transfer," a seller may be liable for failing to disclose information if the conduct constitutes active concealment (*Klafehn v Morrison*, 75 AD3d 808, 810 [2010]; *see Simone v Homecheck Real Estate Servs., Inc.*, 42 AD3d 518, 520 [2007]). A false representation in a disclosure statement may constitute active concealment (*see Anderson v Meador*, 56 AD3d 1030, 1035 [2008]; *Simone v Homecheck Real Estate Servs., Inc.*, 42 AD3d at 520-521). To prevail upon such a claim, plaintiffs must dem-

onstrate that the false representation prevented fulfillment of their own obligations imposed by the doctrine of caveat emptor and that they justifiably relied upon the false representation (*see Klafehn v Morrison*, 75 AD3d at 810). "Justifiable reliance does not exist [w]here a party has the means to discover [a falsehood] by the exercise of ordinary intelligence, and fails to make use of those means" (*Kurtz v Foy*, 65 AD3d 741, 743 [2009] [internal quotation marks and citations omitted]).

As to the condition of the roof and the breaker box wiring, although defendants' disclosure stated that there were no material defects in these areas, plaintiffs' home inspection report put them on notice of the existing problems. In light of this notice, plaintiffs cannot prove justifiable reliance on those representations by defendants, and these claims should have been dismissed. However, we reach a different conclusion as to the flooding and the additional electrical issues. Defendants asserted in their disclosure that there were no flooding issues on any portion of the land. The home inspection report merely noted that the basement was subject to water seepage and that grading might be necessary to prevent this, with no mention of problems with standing water elsewhere on the property. Reviewing this motion as one for summary judgment, we find that defendants satisfied their initial burden by supplying affidavits denying actual knowledge of the flooding problems, together with the documents comprising the underlying transaction (*see e.g. Killough v Shiels*, 45 AD3d 1159, 1160-1161 [2007]). The burden then shifted to plaintiffs, who submitted affidavits from various neighbors describing prior flooding they had observed upon the property. This evidence presented factual issues as to defendants' knowledge and active concealment of the flooding (*compare id.* at 1161). While defendants assert that these affidavits may also pose issues regarding plaintiffs' diligence, this is a factual inquiry to be determined by a jury (*see Boyle v McGlynn*, 28 AD3d 994, 996 [2006]; *Gizzi v Hall*, 300 AD2d 879, 881-882 [2002]).

Similarly, defendants asserted in the disclosure form that there were no electrical problems and denied actual knowledge of such problems in their affidavits; plaintiffs' inspection only revealed the problems with the breaker box and the electrical intake, as the additional electrical issues hidden behind the basement ceiling—and apparently related to renovation work by defendants—were not discovered until the ceiling covering them collapsed. In their opposition, plaintiffs submitted an invoice from a construction company describing the hazardous electrical conditions allegedly created during the course of the base-

ment renovations. Thus, we agree with Supreme Court that there are factual issues posed as to defendants' knowledge and active concealment of those problems.

Finally, defendants argue that the general disclaimer of warranties and representations in the closing documents negates any allegations of fraudulent misrepresentation by plaintiffs. Such allegations based upon the statutory disclosure form, however, survive general, "as is" disclaimers in the closing documents (*see* Real Property Law § 465 [2]; *Daly v Kochanowicz*, 67 AD3d 78, 87-88 [2009], quoting *Ayres v Pressman*, 14 Misc 3d 145[A], 2007 NY Slip Op 503097[U], *2 [2007]; *Calvente v Levy*, 12 Misc 3d 38, 40-41 [2006]).

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion seeking dismissal of the claims relative to the electric breaker box and roof problems; motion granted to that extent and said claims dismissed; and, as so modified, affirmed.