Luz LINO, Plaintiff, v 238 EAST 26, LLC, Appellant, and 22-26 ASSOCIATES, LLC, et al., Respondents, et al., Defendant. [936 NYS2d 684]—

The plaintiff allegedly was injured when the ceiling of her apartment fell onto her. Approximately one week before this incident, the defendant 22-26 Associates, LLC, sold the building which contained the plaintiff's apartment to the defendant 238 East 26, LLC (hereinafter the buyer). The plaintiff commenced this personal injury action against, among others, 22-26 Associates, LLC, Miller Mangement, LLC (hereinafter together the sellers), and the buyer. Miller Management, LLC, had managed the building on behalf of 22-26 Associates, LLC, prior to the sale. The buyer asserted cross claims against the sellers for contribution and indemnification. After learning that the sellers did not own or manage the building at the time of the incident, the plaintiff entered into a stipulation of discontinuance with the sellers.

The Supreme Court properly granted the sellers' cross motion for summary judgment dismissing the buyer's cross claims for contribution and indemnification asserted against the sellers. The sellers established, prima facie, that they were not liable to the buyer for the plaintiff's accident under the explicit terms of the contract of sale (see Simone v Homecheck Real Estate Servs., Inc., 42 AD3d 518, 521 [2007]). In opposition, the buyer failed to raise a triable issue of fact.

The buyer's remaining contentions are not properly before this Court. Florio, J.P., Belen, Roman and Sgroi, JJ., concur.