Spain, J.
*1455 The subject property is a single parcel improved by nine rental houses located on Radar Road in the Town of Stillwater, Saratoga County. In 2003, the Town notified defendants that there were code violations at the property in connection with a defective septic system and that a new septic system approved by an engineer had to be installed. A system, certified by a licensed engineer, was thereafter installed, utilizing portions of the original septic system and two new 2,000 gallon septic tanks (hereinafter the 2003 system).
However, in June 2004, the Town found that the 2003 system was not functioning properly and that there were pools of sewage on the ground surface. The Department of Environmental Conservation (hereinafter DEC) became involved and informed defendants that the property was in violation of various laws and of the potential for litigation and substantial fines. Eventually RPS and DEC entered into a consent order, signed by Guido, whereby RPS paid a fine and was required to, among other things, submit designs to DEC for pre-approval, and then install a replacement septic system pursuant to such designs. The replacement system was designed by the same engineer and incorporated the two septic tanks installed in 2003 but with a new, raised bed leach field. The design was approved by DEC. The system actually installed in the fall and early winter of 2004, however, contained some modifications to the system approved by DEC, including the use of infiltrators instead of pipe and stone (hereinafter the 2004 system). The 2004 system was never certified by the engineer.
In June 2005, utilizing a real estate agent, defendants listed the property for sale. The property information sheet prepared *1456 by the agent stated, “Septic system totally new — le[a]ch field totally replaced — new 5000 gallon holding tank,” with the general qualification that “all information deemed reliable but not guaranteed.” In September 2005, plaintiffs — both licensed real estate brokers — entered into a contract with RPS for the purchase of the property. The contract provided that the “buildings on the premises are sold ‘as is’ ” and, at plaintiffs’ request, included a “Septic System Contingency,” which stated that the agreement was contingent on a timely test of the septic system, but that such condition was waived if the test was not secured by plaintiffs. Plaintiffs, however, chose not to have the septic system tested or inspected.
The contract also contained a mortgage contingency and, as a condition precedent to funding, plaintiffs’ bank required the completion of an environmental questionnaire. It is conceded that, in that questionnaire, Guido falsely denied knowledge of any past violations of environmental laws with respect to the property or that environmental site assessment of the property ever indicated contamination or the need for further assessment. Guido explained the misrepresentations as mistakes, asserting that he believed the questions pertained only to the current condition of and events related to the property. While the contract was pending, the engineer who designed the septic system sent a letter to Guido relating concerns about the septic system, but Guido did not respond or inform the purchasers of any issues. Title was thereafter transferred to plaintiffs on November 23, 2005. Within a month, the septic system failed, requiring plaintiffs to remedy the problems at their own expense and prompting this lawsuit.
First, we reject defendants’ assertion that they are entitled to summary judgment because the doctrine of caveat emptor provides a complete defense to this action. “ ‘Although New York traditionally adheres to the doctrine of caveat emptor in an arm’s length real property transfer,’ a seller may be liable for failing to disclose information if the conduct constitutes active concealment” (Pettis v Haag, 84 AD3d 1553, 1554 [2011], quoting Klafehn v Morrison, 75 AD3d 808, 810 [2010] [citation omitted]). “A false representation in a disclosure statement may constitute active concealment” (Pettis v Haag, 84 AD3d at 1554 [citation omitted]; see Anderson v Meador, 56 AD3d 1030, 1035 [2008]). When it has been established that a seller has misrepresented a material fact, the purchaser may prevail on a claim of fraud if he or she can demonstrate justifiable reliance on the misrepresentation (see Tanzman v La Pietra, 8 AD3d 706, 707 [2004]; Caramante v Barton, 114 AD2d 680, 683 *1457 [1985]). However, whether a purchaser reasonably relied on a falsehood or instead should have ascertained the truth through the exercise of reasonable diligence is ordinarily a factual issue for resolution by the finder of fact (see DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 155-156 [2010]; Bethka v Jensen, 250 AD2d 887, 888 [1998]; Rudolph v Turecek, 240 AD2d 935, 938 [1997], lv denied 90 NY2d 811 [1997]).
Here, given defendants’ admission to the falsity of the statement made in the bank questionnaire and plaintiffs’ assertions that they relied upon those statements in procuring funding to proceed with the purchase, coupled with plaintiffs’ claim that they relied on defendants’ misrepresentation of the septic system as “totally new” in deciding to purchase the property without a septic inspection, we conclude that defendants’ cross motion for summary judgment dismissing the complaint was properly denied (see DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d at 155-156; Pettis v Haag, 84 AD3d at 1555; Boyle v McGlynn, 28 AD3d 994, 996 [2006]). Defendants’ assertions that plaintiffs’ failure to exercise their contractual right to inspect the septic system or to independently search public records to discover the environmental history of the septic system bars plaintiffs, as a matter of law, from establishing justifiable reliance is contrary to our precedents (see Kurtz v Foy, 65 AD3d 741, 743 [2009]; Cetnar v Kinowski, 263 AD2d 842, 844 [1999], lv dismissed 94 NY2d 872 [2000]; see also DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d at 156).
Defendants’ alternative argument — that questions of fact preclude summary judgment in plaintiffs’ favor — presents a much closer question and, ultimately, is persuasive. To establish entitlement to summary judgment, it was incumbent upon plaintiffs to prove, as a matter of law, that the false representations made by defendants were knowingly made to induce plaintiffs to purchase the property and that plaintiffs justifiably relied upon the misrepresentation (see Kurtz v Foy, 65 AD3d at 742-743; Gizzi v Hall, 300 AD2d 879, 880 [2002]). Generally, “[j]ustifiable reliance does not exist ‘ “[w]here a party has the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and fails to make use of those means” ’ ” (Kurtz v Foy, 65 AD 3d at 743, quoting Tanzman v La Pietra, 8 AD3d at 707), but if “the facts were peculiarly within the knowledge of the defendant [ ] and were willfully misrepresented, [then] failure of [a purchaser] to ascertain the truth . . . [will] not [be] fatal” (Cetnar v Kinowski, 263 AD2d at 844 [internal quotation marks and citations omitted]).
Here, while the “totally new” statement in the property de *1458 scription is technically false in that the original pump station and the two 2,000 gallon septic tanks from the 2003 system were incorporated into the 2004 system, an issue of fact exists as to Guido’s knowing intent to deceive, given his assertion that the system had been replaced twice in recent years at great expense to him and thus — in his opinion — was “totally new.” Further, although the falsity of the statements given in the environmental questionnaire has been conceded and, arguably, Guido’s claim that he believed the questionnaire was only referring to the present state of the property are belied by the unequivocal references in the questions to both past and current status and events, we nevertheless cannot say as a matter of law that plaintiffs have established their reasonable reliance on either alleged misrepresentation.
Indeed, we have repeatedly held that reasonable reliance and, specifically, “whether a party could have ascertained the facts with reasonable diligence [are] factual question[s] for resolution by the jury” (Rudolph v Turecek, 240 AD2d at 938; see DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d at 155-156; Pettis v Haag, 84 AD3d at 1555; Boyle v McGlynn, 28 AD3d at 996; Gizzi v Hall, 300 AD2d at 882; Bethka v Jensen, 250 AD2d at 888). Specifically, questions of fact here exist as to whether the representation of the septic system as totally new was knowingly made to induce plaintiffs’ reliance, whether such reliance on another broker’s representation was reasonable — given plaintiffs’ experience in the business of buying and selling real property and their specific inclusion, and then waiver of, a septic system test clause in the contract — and, finally, whether plaintiffs actually and reasonably relied upon Guido’s answers to the questions in the environmental questionnaire in deciding to purchase the property. These issues must be resolved by a trier of fact (see Kurtz v Foy, 65 AD3d at 743; Caramante v Barton, 114 AD2d at 682-683; see also Nestler v Whiteside, 162 AD2d 845, 848 [1990]).
Peters, P.J., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs’ motion for summary judgment on the issue of liability; motion denied; and, as so modified, affirmed.