■ ABELE TRACTOR & EQUIPMENT CO., INC., Appellant, v JOHN BALFOUR, Respondent. [20 NYS3d 697]—

Garry, J. Appeal from an order of the Supreme Court (Teresi, J.), entered May 30, 2014 in Albany County, which, among other things, granted defendant's cross motion for summary judgment dismissing the complaint.

Defendant was employed by plaintiff from 1995 until 2009. In December 2012, plaintiff commenced this fraud action alleging that, beginning in 1998, defendant misrepresented his marital status to plaintiff for the purpose of obtaining family health insurance coverage for his paramour and her daughter, causing plaintiff to pay excessive insurance premiums. Following discovery, plaintiff moved for partial summary judgment on the issue of defendant's liability, and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted the cross motion upon the ground that the action was time-barred and dismissed the complaint. Plaintiff appeals.

A cause of action for fraud is untimely if it is commenced more than six years after the fraud occurred, or more than two years after the fraud was discovered or could have been discovered with reasonable diligence, whichever is longer (*see* CPLR 213 [8]; *County of Ulster v Highland Fire Dist.,* 29 AD3d 1112, 1115 [2006], *lv denied* 7 NY3d 710 [2006]). Here, plaintiff concedes that the action was not filed within six years after plaintiff perpetrated the fraud, but contends that Supreme Court erred in finding that defendant established as a matter

of law that the action was not filed within two years after plaintiff could have discovered the fraud with reasonable diligence based upon records in its possession. We agree.

Defendant stated that he was single in an employee information form, tax withholding form and health insurance application that he completed in 1995 when he commenced employment. In 1998, he advised plaintiff that he was married and changed his health coverage to a family plan. In December 2006, defendant signed a subsequent application for family coverage that set forth a date of marriage in 1993. In December 2007, he completed an additional application for family coverage that identified the paramour as his wife and her child as his daughter. Throughout the course of defendant's employment, plaintiff maintained defendant's personnel documents— specifically including the 1995 employee information sheet and tax withholding form—in a personnel file held by separate employees in a separate location from defendant's health insurance documents. Following the termination of his employment in May 2009, defendant commenced unrelated litigation against plaintiff. In 2011, in the course of compiling a response to a discovery demand for copies of employment records, plaintiff's president assembled all of the records and found the discrepancy between defendant's 1995 documents stating that he was single, and the 2006 health insurance form stating that he had been married since 1993. Plaintiff then undertook a further investigation, which revealed no record that defendant had ever married the paramour. Plaintiff's investigation further revealed that, on the date of defendant's purported marriage in 1993, he was still married to a different individual. Plaintiff then commenced this fraud action.

Whether a plaintiff could have discovered a fraud by exercising reasonable diligence "turns on whether the plaintiff was possessed of knowledge of facts from which the fraud could be reasonably inferred. Generally, knowledge of the fraudulent act is required and mere suspicion will not constitute a sufficient substitute" (*Sargiss v Magarelli*, 12 NY3d 527, 532 [2009] [internal quotation marks, brackets and citation omitted]; *see Jeffrey BB. v Cardinal McCloskey School & Home for Children*, 257 AD2d 21, 25 [1999]). Here, there was no showing that any of plaintiff's officers or employees had knowledge either of defendant's true marital status or of the discrepancy in the documents that could be imputed to plaintiff.* By affidavit, defendant's former coworkers attested that although defendant had

---

* Defendant's own knowledge is not imputed to plaintiff; the presumption that knowledge acquired by an agent while acting in the scope of his or her

claimed at one time that he would never marry the paramour, he subsequently claimed that he had done so, and thereafter described the paramour and her child as his wife and daughter. Further, plaintiff established that it was plaintiff's routine practice to file its employees' health insurance records separately from other personnel information, and that none of its employees or officers had any reason to compare defendant's health insurance records to the information in his personnel file before 2011. In response, defendant relied solely upon plaintiff's possession of the conflicting documents and made no showing that any of plaintiff's employees or officers had reasons to suspect the veracity of defendant's claimed marriage.

Due to the fact-specific nature of the inquiry, "a defendant seeking summary judgment based on [a] plaintiff's failure to timely discover fraud faces considerable hurdles, . . . since the moving party bears the burden of demonstrating the absence of a genuine issue of material fact" (*Topps Co., Inc. v Cadbury Stani S.A.I.C.*, 380 F Supp 2d 250, 258 [SD NY 2005]). Whether a plaintiff should have discovered a fraud "is a mixed question of law and fact which should not be resolved summarily unless it conclusively appears that the plaintiff had knowledge of facts which should have caused him or her to inquire and discover the alleged fraud" (*Hoffman v Cannone*, 206 AD2d 740, 741 [1994]; *see Trepuk v Frank*, 44 NY2d 723, 724-725 [1978]; *Jeffrey BB. v Cardinal McCloskey School & Home for Children*, 257 AD2d at 24-25). Based upon the evidence proffered, as set forth above, Supreme Court erred in finding that defendant met his initial burden upon his cross motion for summary judgment to establish that the action was untimely (*see generally Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]). Whether plaintiff exercised reasonable diligence in discovering defendant's fraud must be resolved by the trier of fact (*see Mitschele v Schultz*, 36 AD3d 249, 255-256 [2006]; *Topps Co., Inc. v Cadbury Stani S.A.I.C.*, 380 F Supp 2d at 259-260; *see also Sargiss v Magarelli*, 12 NY3d at 532; *Trepuk v Frank*, 44 NY2d at 725; *Craven v Rigas*, 85 AD3d 1524, 1526 [2011], *lv dismissed* 17 NY3d 932 [2011]).

To succeed upon the motion for partial summary judgment to establish defendant's liability, plaintiff was required to prove not only that defendant knowingly misrepresented his marital

authority is imputed to the principal does not apply when the principal is the victim of a fraud perpetrated by the agent (*see Kirschner v KPMG LLP*, 15 NY3d 446, 467 [2010]; *Center v Hampton Affiliates*, 66 NY2d 782, 784-785 [1985]).

status, causing plaintiff to sustain damages, but also that plaintiff justifiably relied upon his misrepresentations (*see Roche v Claverack Coop. Ins. Co.*, 59 AD3d 914, 918 [2009]). "Justifiable reliance does not exist where a party has the means to discover a falsehood by the exercise of ordinary intelligence, and fails to make use of those means" (*Pettis v Haag*, 84 AD3d 1553, 1554 [2011] [internal quotation marks, brackets and citation omitted]; *see Kurtz v Foy*, 65 AD3d 741, 743 [2009]). Here, we find factual issues as to whether the contradictory statements in defendant's employment records gave plaintiff the means to discover his fraud by the exercise of ordinary intelligence and, thus, whether plaintiff justifiably relied upon defendant's misrepresentations. Accordingly, plaintiff is not entitled to partial summary judgment.

Lahtinen, J.P., Egan Jr. and Clark, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion for summary judgment dismissing the complaint; cross motion denied; and, as so modified, affirmed. **[Prior Case History: 2014 NY Slip Op 31363(U).]**