Kazmark v Wasyln (2018 NY Slip Op 08990)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Kazmark v Wasyln

2018 NY Slip Op 08990

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

526650

[*1]RYAN KAZMARK et al., Appellants,
vJEFFREY M. WASYLN, Respondent, et al., Defendant.

Calendar Date: November 14, 2018
Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Robert S. Beehm, Binghamton, for appellants.
Coughlin & Gerhart LLP, Binghamton (Rachel A. Abbott of counsel), for respondent.

MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (Lebous, J.), entered July 19, 2017 in Broome County, which granted defendant Jeffrey M. Wasyln's motion for summary judgment dismissing the complaint against him.
In August 2008, defendant Jefferey M. Wasyln (hereinafter defendant) listed his residence for sale and completed a property condition disclosure statement (hereinafter PCDS) answering a series of questions regarding the condition of the property (see Real Property Law § 462). Plaintiffs signed a contract to purchase the property, hired defendant Richard J. Tarnowski to perform a home inspection and closed on the property in November 2008. Plaintiffs apparently began noticing water infiltration in the basement beginning in early 2009. In September 2011, during a regional flood, plaintiffs discovered water pouring into the basement and, upon further inspection, found mold and damage to the property's foundation. In 2014, plaintiffs commenced this action against defendant for breach of contract, fraud/intentional misrepresentation, negligent misrepresentation and violation of Real Property Law § 465 (2) stemming from allegations that defendant knew or should have known about the material defects that he denied existed or that he listed as unknown in the PCDS. Plaintiffs also alleged professional malpractice against Tarnowski. Following disclosure, defendant moved for summary judgment dismissing the complaint against him. Supreme Court granted the motion. Plaintiffs appeal.
Supreme Court properly granted defendant's motion for summary judgment dismissing plaintiffs' claims of a violation of Real Property Law § 465 (2) and negligent and intentional misrepresentation because plaintiffs did not establish that defendant had actual knowledge of any material defect. "New York adheres to the doctrine of caveat emptor and imposes no liability on a seller for failing to disclose information regarding the premises when the parties deal at arm's length, unless there is some conduct on the part of the seller which constitutes active concealment" (Simone v Homecheck Real Estate Servs., Inc., 42 AD3d 518, 520 [2007] [*2][citations omitted]; see Revell v Guido, 101 AD3d 1454, 1456 [2012]; Stoian v Reed, 66 AD3d 1278, 1279 [2009]). "A false representation in a disclosure statement may constitute active concealment" (Pettis v Haag, 84 AD3d 1553, 1554 [2011] [citations omitted]). However, "[t]he disclosures required on the PCDS are based solely on the seller's 'actual knowledge.' Accordingly, a claim under Real Property Law § 465 (2) must allege the seller's willful failure to comply with one or more of the obligations imposed on the seller under [Real Property Law] article 14, resulting in the buyer's damages, and a claim for willful failure to disclose under this provision must allege that the seller had actual knowledge of a condition that was misrepresented by the disclosure contained in the PCDS" (Meyers v Rosen, 69 AD3d 1095, 1097 [2010], quoting Real Property Law §§ 461 [3]; 462 [2]).
Similarly, a cause of action for fraud or intentional misrepresentation requires proof "that [the] defendant[] knowingly misrepresented a material fact upon which [the] plaintiff[] justifiably relied, causing [the plaintiff's] damages" (Pettis v Haag, 84 AD3d at 1554; see Klafehn v Morrison, 75 AD3d 808, 810 [2010]). "A cause of action based upon negligent misrepresentation requires not only carelessness in imparting words upon which others rely to their damage, but also that such information be 'expressed directly, with knowledge or notice that it will be acted upon, to one whom the author is bound by some relation of duty, arising out of contract or otherwise, to act with care if he [or she] acts at all'" (Chase Manhattan Bank v Edwards, 87 AD2d 935, 936 [1982], affd 59 NY2d 817 [1983], quoting White v Guarente, 43 NY2d 356, 363 [1977]).
Defendant experienced some moisture and periodic water infiltration in the basement beginning in 1999, soon after he purchased the house. In 2006, when the region experienced flooding, the water in the basement was excessive. After that situation, defendant replaced a portion of the foundation wall, applied waterproof paint on the interior walls, graded the soil to slope away from the house and diverted downspouts to avoid future water problems. He testified that, after this project, he did not notice any water coming into or see any water in the basement. On the PCDS, defendant responded that it was unknown whether the structure had any rot or water damage. He answered "[n]o" to questions asking if there were any problems with the foundation or walls, if the basement had seepage that results in standing water, and "[a]re there any flooding, drainage or grading problems that resulted in standing water on any portion of the property?". At his deposition, defendant testified that, although he was aware of standing water in the basement before 2006, he answered no to the question on that topic because he had corrected the problem and, to his knowledge, there were no such issues when he completed the form in 2008. He further testified that he finished part of the basement to provide more living space for his growing family. Accordingly, defendant met his burden of establishing that he had no actual knowledge of any defects at the time he completed the PCDS, entitling him to summary judgment on the causes of action sounding in fraud/intentional misrepresentation, negligent misrepresentation and violation of Real Property Law § 465 (see Klafehn v Morrison, 75 AD3d at 810).
Plaintiff Ryan Kazmark testified that, before the closing on the property, he walked through the house four times and obtained a professional inspection of the property, none of which revealed water infiltration issues or problems with the foundation. He noticed mild water infiltration in early 2009, but did nothing about it. In September 2011, after severe flooding in the region, water started pouring into the basement. An inspector then notified him that part of the foundation was falling apart, another portion had been replaced and other structural defects existed. Some of the defects had apparently existed for some time. Kazmark testified and averred that neighbors informed him that defendant had replaced a wall of the foundation and finished the basement before putting the house on the market, although none of the neighbors mentioned that they saw or were aware of water in the basement when defendant owned the house. Prior to closing, plaintiffs never asked defendant, his wife or their realtor about moisture or water in the basement.
Plaintiffs' proof was insufficient to meet their burden of raising a triable issue of fact. Despite assertions that the defects existed for a substantial time, constructive knowledge does not [*3]apply to Real Property Law § 465 (2) (see Meyers v Rosen, 69 AD3d at 1098; Real Property Law § 461 [3] [limiting disclosures to seller's actual knowledge]). The neighbors' comments about repairs to the foundation were irrelevant without proof that the repairs were related to water problems (compare Sicignano v Dixey, 124 AD3d 1301, 1302 [2015]; Pettis v Haag, 84 AD3d at 1555). Even so, defendant acknowledged that he made such repairs, but that they resolved the water infiltration issues. Contrary to plaintiffs' unsupported assertions that defendant installed drywall to conceal defects in the foundation, defendant and his wife testified that they finished a portion of the basement so their family could utilize more space in the home. They listed the property for sale at least 10 months after finishing the basement and had no thoughts of selling the property at the time that they made those improvements (see Gabberty v Pisarz, 10 Misc 3d 1010, 1020-1021 [Sup Ct, Nassau County 2005]). Plaintiffs assert that there are credibility issues to be addressed at trial, but these assertions are speculative and unsupported, providing no basis to deny summary judgment (see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 52 [2015]; Meyers v Rosen, 69 AD3d at 1098).
Finally, because plaintiffs' brief does not separately address Supreme Court's ruling dismissing the breach of contract cause of action, any issues related to that cause of action is deemed abandoned (see Edwards v Martin, 158 AD3d 1044, 1046 nn 1, 2 [2018]; Brown v Government Empls. Ins. Co., 156 AD3d 1087, 1088 n 1 [2017]). Thus, Supreme Court properly granted defendant's motion.
Devine, J.P., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.