[876 NE2d 901, 845 NYS2d 215]

MICHELE LAUNDERS, as Administratrix of the Estate of BABY GIRL LAUNDERS, Also Known as LISA, Deceased, Respondent, et al., Plaintiff, v JOEL STEINBERG, Appellant, et al., Defendants.

Argued September 5, 2007; decided October 11, 2007

### APPEARANCES OF COUNSEL

*Joel B. Steinberg*, appellant pro se.

*Law Offices of Wayne J. Schaefer, LLC*, Hauppauge (*Wayne J. Schaefer* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be modified, without costs, by remitting to Supreme Court for further proceedings in accordance with this memorandum and, as so modified, affirmed.

In March 1989, after a jury trial, defendant Steinberg was convicted of manslaughter in the first degree for the November 1987 killing of his adopted six-year-old daughter Lisa (*see People v Steinberg*, 170 AD2d 50 [1st Dept 1991], *affd* 79 NY2d 673 [1992]).

In August 1989, plaintiff commenced this action as administratrix of Lisa's estate against Steinberg and various other defendants. The fifth and sixth causes of action alleged acts of prior abuse; the seventh cause of action alleged that defendant, having actual notice that Lisa sustained a life-threatening injury on November 1, 1987, recklessly and dangerously failed to take reasonably prudent action to secure medical treatment for her. Supreme Court, invoking collateral estoppel based on defendant's manslaughter conviction, awarded partial summary judgment against defendant on these three causes of action, and awarded plaintiff $5 million for Lisa's pain and suffering during the 8 to 10 hours preceding her death, $5 million for the pain and suffering resulting from past abuse and $5 million in puni-

tive damages. The Appellate Division affirmed, with two Justices dissenting.

■ In order to invoke the doctrine of collateral estoppel, "[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling" (*Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]). Here, the jury in defendant's criminal trial was not required to determine whether Lisa was subjected to repeated physical abuse by defendant during the months prior to the acts resulting in her death. Although evidence of prior acts of abuse was presented at defendant's criminal trial, the issue was not "necessarily decided" therein. Thus, Supreme Court's award of summary judgment on plaintiff's fifth and sixth causes of action must be vacated and a new trial held on liability on these causes of action.

■ The question of excessiveness of the compensatory damages award is beyond this Court's review, as is the question of excessiveness of the punitive damages award, in the absence of due process concerns. Supreme Court may, however, revisit the punitive damages question upon the ultimate disposition of the fifth and sixth causes of action. Also, although apportionment was properly denied, on remand, Supreme Court shall consider defendant's $985,000 set-off claim pursuant to General Obligations Law § 15-108. Defendant's remaining arguments are without merit.

Chief Judge Kaye and Judges Ciparick, Graffeo, Read, Smith, Pigott and Jones concur in memorandum.

Order modified, etc.