■ JOSEPH MARINO, Appellant, v MARIE MARINO TERMINI et al., Respondents, et al., Defendants. [866 NYS2d 342]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of a claim to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated February 20, 2007, which, in effect, granted the motion of the defendants Jousiph Al-Kadeh, Lillian Lati, and Mortgage Electronic Registration Systems, Inc., and the separate motion of the defendant David Safenia, among other things, for summary judgment, in effect, declaring that the defendants Jousiph Al-Kadeh and Lillian Lati are the owners of the subject real property and that he is not the owner of a one-third interest in the property, and denied his cross motion, inter alia, for summary judgment declaring that he is the owner of a one-third interest in the property.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that plaintiff is not the owner of a one-third interest in the subject real property and that the defendants Jousiph Al-Kadeh and Lillian Lati are owners of the property.

The real property at issue in this dispute was the subject of a judgment of partition dated June 23, 2000, which directed, inter alia, that the property be sold and the net proceeds from the partition sale be distributed among the defendant Marie Marino Termini, the Estate of Anselmo F. Marino, and the plaintiff Joseph Marino, who were the three title owners of record on that date. By deed executed pursuant to that judgment on October 23, 2001 (hereinafter the 2001 deed), the property was transferred to the defendant David Safenia. By deed dated June 4, 2002, Safenia transferred the property to the defendants Jousiph Al-Kadeh and Lillian Lati, who executed a mortgage thereon in favor of the defendant BNY Mortgage Company, LLC, the predecessor in interest to the defendant Mortgage Electronic Registration System, Inc. (hereinafter MERS).

In the instant action, the plaintiff seeks a judgment, inter alia, declaring that he still holds a one-third interest in the subject property, on the grounds, among other things, that his purported attorney-in-fact was not authorized to sign the 2001 deed on his behalf, and that he never received his share of the

proceeds of the partition sale. The Supreme Court found that the plaintiff's claims were barred by the doctrine of collateral estoppel and thus, in effect, granted the motion of the defendants Jousiph Al-Kadeh, Lillian Lati, and MERS, and the separate motion of the defendant David Safenia, for summary judgment, inter alia, in effect, declaring that Al-Kadeh and Lati are the owners of the property and that the plaintiff does not own a one-third interest in the property.

The issues raised in the instant action—whether the deed executed pursuant to the judgment of partition was properly signed and whether the plaintiff received the proceeds from the partition—are not identical to the issues litigated and determined in the prior action for partition. Therefore, the doctrine of collateral estoppel is inapplicable to those issues (*see Launders v Steinberg,* 9 NY3d 930, 932 [2007]; *Buechel v Bain,* 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]). Nevertheless, we affirm on different grounds.

In support of their respective motions for summary judgment, Safenia, Al-Kadeh, Lati, and MERS established, as a matter of law, that Safenia, Al-Kadeh, and Lati were bona fide purchasers of the property for value (*see Panther Mtn. Water Park, Inc. v County of Essex,* 40 AD3d 1336, 1338 [2007]). Safenia purchased the property in good faith and for valuable consideration in reliance upon the judgment of partition and without notice of the plaintiff's claims, while Al-Kadeh and Lati in turn purchased the property in good faith and for valuable consideration from Safenia. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly awarded summary judgment to Safenia, Al-Kadeh, Lati, and MERS.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff is not the owner of a one-third interest in the subject real property and that the defendants Jousiph Al-Kadeh and Lillian Lati are owners of the property (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Fisher, J.P., Balkin, McCarthy and Chambers, JJ., concur.