■ ABACUS FEDERAL SAVINGS BANK, Appellant, v CAROL JOHN MEE LIM et al., Defendants, and FRANCES ENG, Respondent. [905 NYS2d 585]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered August 17, 2009, which denied plaintiff's motion for summary judgment as against defendant Frances Eng, unanimously affirmed, with costs.

This action is for restitution of funds embezzled in furtherance of a fraudulent scheme perpetrated by some of plaintiff's employees, particularly Carol John Mee Lim, the manager of one of its branches, and others, including Lim's sister, defendant Eng. Although Eng answered, several defendants did not, resulting in a judgment entered on April 23, 2004 against the defaulting defendants in the principal amount of $9,161,633.81.

A 2003 federal indictment charged the bank employees with various offenses, but Lim fled before she could be arrested. Several years later, under a separate federal indictment, Eng herself was arrested for participating in this criminal enterprise, and charged with conspiring to commit bank fraud, in violation of 18 USC § 1344. The indictment alleged that Eng and others executed "a scheme . . . to defraud a financial institution . . . by means of false and fraudulent pretenses, representations and promises." Eng's overt acts in furtherance of the conspiracy consisted of providing Lim with two checks "that ENG completed, signed, and endorsed for deposit into a victim account at Abacus Bank," apparently to help Lim conceal her embezzled funds. While the instant action was pending, Eng

pleaded guilty to one count of conspiracy to commit bank fraud, admitting that she wrote three checks. It was determined that the loss to the bank from the three checks totaled $160,000.

Plaintiff moved for summary judgment against Eng based upon this criminal conviction, and argued that the conviction collaterally estopped her from denying liability. The motion did not, however, attach plea minutes or even attempt to establish an identity of elements between the civil claims and the criminal proceeding. It did seek the full amount of the default judgment against Eng.

Although an "issue decided in a criminal proceeding may be given preclusive effect in a subsequent civil action" (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]), there must be an identity of issue necessarily decided in the prior action that is decisive of the present action, and "there must have been a full and fair opportunity to contest the decision now said to be controlling" (*see Launders v Steinberg*, 9 NY3d 930, 932 [2007], quoting *Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]). This standard has not been satisfied in this case. The complaint asserts six causes of action against Eng: conversion, constructive trust, restitution, unjust enrichment, conspiracy, and demand for an accounting. A cause of action for fraud was asserted only against Lim. In not identifying the cause of action on which similar relief had been obtained against Eng, plaintiff failed to establish its entitlement to summary judgment on any of its present claims.

Specifically, a "conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (*Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49-50 [2006]). Plaintiff failed to establish that Eng ever assumed or exercised control over any property belonging to the bank. As for unjust enrichment, which is defined as the receipt by one party of money or a benefit to which it is not entitled, at the expense of another (*see City of Syracuse v R.A.C. Holding*, 258 AD2d 905, 906 [1999]), plaintiff failed to show how Eng was personally enriched at the expense of the bank, or that she herself benefitted from the fraudulent scheme. For this same reason, summary judgment is unavailable for the restitution claim (*see Matter of Witbeck*, 245 AD2d 848 [1997]). The elements necessary for the imposition of a constructive trust are a confidential or fiduciary relationship, a promise, a transfer in reliance thereon, and unjust enrichment (*see Matter of Gupta*, 38 AD3d 445, 446

[2007]). Plaintiff has, at the very least, not demonstrated the existence of a confidential or fiduciary relationship between itself and Eng. The failure to establish the existence of such a fiduciary relationship also precludes summary judgment for an accounting (*see Akkaya v Prime Time Transp., Inc.*, 45 AD3d 616 [2007], *lv denied* 10 NY3d 704 [2008]). Therefore, the fact that Eng pleaded guilty to conspiracy in federal court does not aid plaintiff in establishing its prima facie entitlement to summary judgment on the above-mentioned claims.

Collateral estoppel is also inapplicable with respect to the conspiracy claim. As Supreme Court correctly noted, New York does not recognize an independent cause of action for conspiracy to commit a civil tort (*see Romano v Romano*, 2 AD3d 430, 432 [2003] ["a cause of action sounding in civil conspiracy cannot stand alone, but stands or falls with the underlying tort"]). In fact, "[a]llegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort" (*Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969 [1986]). Therefore, under New York law, to establish a claim of civil conspiracy, the plaintiff "must demonstrate the primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury" (*World Wrestling Fedn. Entertainment, Inc. v Bozell*, 142 F Supp 2d 514, 532 [SD NY 2001]).

Here, Eng was not sued for fraud. In any event, she pleaded guilty solely to conspiracy to defraud, and her plea minutes were not attached to the motion.* The mere attachment of the judgment, without the plea allocution and without any analysis, was insufficient to establish an identity of issues (*see Searles v Dalton*, 299 AD2d 788, 789 [2002]). Indeed, although Eng admitted to signing three checks, there is no indication in the record that she allocuted to the elements of bank fraud (18 USC § 1344), which are to

"knowingly execute[ ], or attempt[ ] to execute, a scheme or artifice—

"(1) to defraud a financial institution; or

"(2) to obtain any of the moneys, funds, credits, assets, secu-

---

* To establish a conspiracy to commit bank fraud, the government must prove beyond a reasonable doubt that (1) a conspiracy existed, (2) the defendant knew of and voluntarily participated in the conspiracy, and (3) there was an overt act in furtherance of the conspiracy, which requires proof of intention both to agree and to commit the substantive offense (*United States v Munoz-Franco*, 487 F3d 25, 45 [1st Cir 2007], *cert denied* 552 US 1042 [2007]).

rities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises."

To support a conviction for the crime of bank fraud, the government must prove that defendant "(1) engaged in a course of conduct designed to deceive a federally chartered or insured financial institution into releasing property; and (2) possessed an intent to victimize the institution by exposing it to actual or potential loss" (*United States v Barrett*, 178 F3d 643, 647-648 [2d Cir 1999]). Concur—McGuire, J.P., Moskowitz, Acosta and Freedman, JJ. **[Prior Case History: 2009 NY Slip Op 31832(U).]**