# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**425**

**CA 11-01740**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

MARTIN SAMPLE AND MARY ANN SAMPLE,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

ELLEN YOKEL, DEFENDANT-RESPONDENT.

---

KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

HISCOCK & BARCLAY, LLP, ROCHESTER (GARY H. ABELSON OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Monroe County (Matthew A. Rosenbaum, J.), entered April 21,
2011.  The order and judgment granted the motion of defendant for
summary judgment dismissing the complaint.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum:  Plaintiffs, who purchased a home from defendant,
commenced this action seeking compensatory and punitive damages for
negligence, the alleged failure to perform the requirements of Real
Property Law § 465 (2) in conjunction with the sale of residential
real estate (hereafter, property), fraud, restitution and implied
indemnification.  Plaintiffs appeal from an order and judgment
granting defendant's motion for summary judgment dismissing the
complaint, and we affirm.  We note at the outset that plaintiffs
conceded before the motion court that they had no viable cause of
action for the alleged failure to perform the requirements of Real
Property Law § 465 (2) (*see generally Cacheiro v Middletown Enlarged
City School Dist.*, 29 AD3d 846, 846), and they do not address the
implied indemnification cause of action on appeal and thus are deemed
to have abandoned any issue with respect to it (*see Ciesinski v Town
of Aurora,* 202 AD2d 984, 984).

We further note at the outset that we agree with plaintiffs that
Supreme Court erred in discrediting the affidavit of their expert.
"[O]pinion evidence must be based on facts in the record or personally
known to the witness" (*Hambsch v New York City Tr. Auth.*, 63 NY2d 723,
725 [internal quotation marks omitted]) and, although plaintiffs'
expert did not personally inspect some of the property defects at
issue, his limited familiarity with the property goes "to the weight

of his . . . opinion as evidence, not its admissibility" (*Matter of State of New York v Blair*, 87 AD3d 1327, 1328 [internal quotation marks omitted]).  Nevertheless, the error is of no moment inasmuch as the expert addressed the construction of the deck, which was not at issue, and he did not address the relevant issue whether defendant concealed information concerning the condition of the deck.

We conclude that the court properly granted that part of the motion with respect to the cause of action for negligence, in which plaintiffs alleged that defendant was negligent in failing, inter alia, to provide an accurate disclosure of property defects in the Property Condition Disclosure Statement.  "It is well settled that '[a] claim for negligent misrepresentation requires the plaintiff[s] to demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff[s]; (2) that the information was incorrect; and (3) reasonable reliance on the information' " (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 180, quoting *J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148, *rearg denied* 8 NY3d 939).  Even assuming, arguendo, that defendant had the requisite relationship with plaintiffs that required her to disclose correct information to plaintiffs concerning the property (*see Meyers v Rosen*, 69 AD3d 1095, 1096), we conclude that defendant met her initial burden on that part of the motion by submitting evidence that the information imparted to plaintiffs was correct and that, in opposition thereto, plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Turning now to the fraud cause of action, it is well settled that, "[t]o establish a cause of action for fraud, plaintiff[s] must demonstrate that defendant[] knowingly misrepresented a material fact upon which plaintiff[s] justifiably relied and which caused plaintiff[s] to sustain damages" (*Klafehn v Morrison*, 75 AD3d 808, 810).  "Although New York traditionally adheres to the doctrine of caveat emptor in an arm's length real property transfer . . ., Real Property Law article 14 codifies a seller's disclosure obligations for certain residential real property transfers" (*id.*), including this residential real property transaction (*see* § 461 [5]).  False representation in a property condition disclosure statement mandated by Real Property Law § 462 (2) "may constitute active concealment in the context of fraudulent nondisclosure . . ., [but] to maintain such a cause of action, 'the buyer[s] must show, in effect, that the seller thwarted the buyer[s'] efforts to fulfill the buyer[s'] responsibilities fixed by the doctrine of caveat emptor' " (*Klafehn*, 75 AD3d at 810).  Here, defendant met her initial burden on that part of the motion with respect to the fraud cause of action by submitting evidence that she did not knowingly fail to disclose any defects in the property, and in opposition plaintiffs failed to raise a material issue of fact (*see generally Zuckerman*, 49 NY2d at 562).

We further conclude that the court properly granted that part of the motion with respect to the restitution cause of action.  " '[T]he essential inquiry in any [cause of] action for . . . restitution is whether it is against equity and good conscience to permit the

defendant to retain what is sought to be recovered' " (*Sperry v Crompton Corp.*, 8 NY3d 204, 216, quoting *Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421, *remittitur amended* 31 NY2d 678, *rearg denied* 31 NY2d 709, *cert denied* 414 US 829). Here, defendant met her initial burden by establishing that she was not enriched through negligence or fraud in conjunction with the sale of the property to plaintiffs, and plaintiffs failed to raise a triable issue of fact (*see Zuckerman*, 49 NY2d at 562; *cf. Abacus Fed. Sav. Bank v Lim*, 75 AD3d 472, 474-475).

Finally, we conclude that the court properly dismissed the claim for punitive damages. "Punitive damages are permitted when the defendant's wrongdoing is not simply intentional but evince[s] a high degree of moral turpitude and demonstrate[s] such wanton dishonesty as to imply a criminal indifference to civil obligations . . . The misconduct must be exceptional, as when the wrongdoer has acted maliciously, wantonly, or with a recklessness that betokens an improper motive or vindictiveness . . . or has engaged in outrageous or oppressive intentional misconduct or with reckless or wanton disregard of safety or rights" (*Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 489 [internal quotation marks omitted]). Here, there was no misconduct on the part of defendant and, even assuming, arguendo, that she engaged in wrongdoing, we conclude that this is not an "exceptional" case in which punitive damages are warranted (*id.*).

Entered: April 20, 2012                                        Frances E. Cafarell
                                                               Clerk of the Court