Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered April 15, 2011, which denied defendant’s motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) or, in the alternative, pursuant to CPLR 3211 (c), and denied plaintiffs *427 cross motion for summary judgment pursuant to CPLR 3211 (c), unanimously affirmed, without costs.
The complaint alleges that defendant interfered with the estate’s possessory interest in the Ardsley Tenants Corporation stock, thereby stating a cause of action for conversion (see Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]). The allegations in the complaint raise the inference that in return for defendant’s placing the Ardsley stock in his name alone, to allow the apartment to remain in the family, the decedent agreed to refrain from asserting his claim to the stock. Since this implicit agreement, if found to exist, would constitute valid consideration, the complaint states a cause of action for breach of contract (see Halliwell v Gordon, 61 AD3d 932, 934 [2009]; In re All Star Feature Corp., 232 F 1004, 1009 [SD NY 1916]). The complaint alleges that defendant wrongfully refused to surrender stock in which the decedent had a lawful interest, and there is evidence that the two had, at least at one time, a relationship of trust and confidence. Thus, the complaint states a cause of action for constructive trust (see Sharp v Kosmalski, 40 NY2d 119, 120 [1976]; Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 473-474 [2010]). Liberally construed, the complaint alleges that defendant wrongly withheld property belonging to the estate, thereby stating a cause of action for unjust enrichment (Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d 473, 481 [2009]).
Since the record presents certain material issues of fact, such as the nature of the relationship between the decedent and defendant, neither party is entitled to summary judgment. Concur — Saxe, J.P., Catterson, Acosta, DeGrasse and Richter, JJ.
Motion to dismiss cross appeal and strike reply brief granted to the extent of directing plaintiff to pay $1,013.25, representing half the cost of the originally filed joint record.