Matter of Schleifer v Yellen (2018 NY Slip Op 01121)





Matter of Schleifer v Yellen


2018 NY Slip Op 01121


Decided on February 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 15, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Kahn, Oing, JJ.


5703 3599/10

[*1]In re Natalie Schleifer, etc., et al., Petitioners-Respondents,
v
Richard L. Yellen, et al., Respondents, 34-10 Development LLC, et al., Respondents-Appellants.


Morrison Cohen LLP, New York (Y. David Scharf of counsel), for appellants.
Loeb & Loeb LLP, New York (Jon Hollis of counsel), for respondents.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about July 20, 2017, which, insofar appealed from as limited by the briefs, denied the motion of respondents 34-10 Development LLC, 37-11 Development LLC, 338-342 East 110 LLC, 333-339 East 109 LLC, Louisiana Nursing Realty, LLC, 91-DMR of Queens, LLC, Douglaston Realty Associates, LLC, Atria Builders, LLC, DSM Design Group, LLC, David Marx, and Robert Marx (the Marx respondents) to dismiss the thirteenth and fourteenth causes of action (conspiracy and breach of contract) and part of the second cause of action (fraud) of the amended petition, unanimously modified, on the law, to grant the motion as to the second and thirteenth causes of action, and otherwise affirmed, without costs.
Having failed to cross-appeal, petitioners may not ask us to reverse so much of the order as found that they ratified the settlement agreement (see e.g. Hecht v City of New York, 60 NY2d 57 [1983]).
The fact that petitioners ratified the agreement does not bar them from seeking damages for having been fraudulently induced into it (see e.g. Sager v Friedman, 270 NY 472, 479-481 [1936]; see also Danaan Realty Corp. v Harris, 5 NY2d 317, 319, 323 [1959]). However, the release contained in the agreement bars their fraud claim (as opposed to their contract claim), since petitioners fail to "identify a separate fraud from the subject of the release" (Centro Empresarial Cempresa S.A. de América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]).
The court should have dismissed the conspiracy claim because "New York does not recognize an independent cause of action for conspiracy to commit a civil tort" (Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 474 [1st Dept 2010]). Moreover, since we are dismissing the fraud claim, there is no longer any underlying primary tort (see id. [elements of conspiracy include primary tort]).
The court properly declined to dismiss the contract claim. Plaintiff significantly alleged that the Marx Group (as defined in the settlement agreement) breached the contract by failing to provide a detailed statement of financial condition for respondent David Marx within ten days. As for the Marx respondents' argument that petitioners were not injured by the delay in providing the financial statement, "[n]ominal damages are always available in breach of contract action" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 95 [1993]; see also Rebecca Broadway L.P. v Hotton, 143 AD3d 71, 78 n 3 [1st Dept 2016]; C.K.S. Ice Cream Co. v Frusen Gladje Franchise, 172 AD2d 206, 208 [1st Dept 1991]).
The contract claim is also based on the Marx Group's failure to make payments pursuant to the schedule set forth in the agreement. A letter from the Marx Group's own lawyer shows that it failed to pay $85,000 of the first payment and $500,000 of the second payment. Even [*2]though the Marx Group tendered $585,000 on July 14, 2014, it still breached the agreement by failing to pay on time (cf. San-Dor Assoc. v Toro, 213 AD2d 233, 234 [1st Dept 1995] ["As defendant was ready and willing to tender the monthly rental payments as they came due, but as plaintiff refused to accept such payments, there was no default under the lease"] [emphasis added]). At a minimum, petitioners would be entitled to interest on (1) $85,000 from the fall of 2011 through July 13, 2014 and (2) $500,000 from June 1, 2012 through July 13, 2014. Moreover, the Marx Group's tender did not address the Schleifer Group's July 7, 2014 declaration that the Marx Group was in default, its acceleration of all unpaid amounts under the settlement agreement, and its demand for $4,585,000 plus interest.
The amended petition is dated January 7, 2015. There is no indication in the record that petitioners sought to supplement it to take account of events after that date, such as the Marx Group's attempt to make the fourth payment. In addition, issues as to the fourth payment (including the quitclaim deed) may be moot because, in November 2017, the Marx respondents apparently made the fourth payment and petitioners apparently gave the Marx respondents a quitclaim deed. Therefore, we do not reach the Marx respondents' argument that petitioners' contract claim should be dismissed because petitioners themselves failed to perform by failing to give the Marx respondents a quitclaim deed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 15, 2018
CLERK