Meyer v City of Long Beach (2018 NY Slip Op 06526)





Meyer v City of Long Beach


2018 NY Slip Op 06526


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-00056
 (Index No. 3474/15)

[*1]Bruce Meyer, et al., respondents, 
v
City of Long Beach, appellant.


Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Kenneth A. Gray and Andrew K. Preston of counsel), for appellant.
Certilman Balin Adler & Hyman, LLP, East Meadow, NY (Paul S. Linzer, Jennifer A. Bentley, and Stephen McQuade of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered December 16, 2015. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs are retired former employees of the City of Long Beach Police Department. They allege that they were members of the Long Beach Patrolmen's Benevolent Associations (hereinafter PBA), which entered into a collective bargaining agreement with the City, which expired on June 30, 2008. Efforts to negotiate a successor collective bargaining agreement failed, and the matter went to compulsory interest arbitration. Eventually, an arbitration award was issued on May 29, 2013, which allegedly had the statutory effect of becoming a successor collective bargaining agreement to the expired collective bargaining agreement for those members covered by the award. The plaintiffs retired prior to the issuance of the arbitration award, and whether or not the arbitration award applies to them is in dispute. The plaintiffs maintain that it does and that the City has refused to give them certain compensation mandated by the award. The City has taken the position that the arbitration award does not apply to the plaintiffs. The plaintiffs commenced this action against the defendant, City of Long Beach, seeking, among other things, to recover damages for breach of contract. The City moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court denied the motion, and the City appeals.
Contrary to the City's contention, the issue raised in this action is not identical to the issue litigated in an improper practice charge filed by the Commanding Officers Association of Long Beach, New York, Inc. (hereinafter the COA), against the City before the New York State Public Employment Relations Board (hereinafter PERB). In that matter, PERB determined that the City did not violate Civil Service Law § 209-a(1) by refusing to allow COA members to share in the arbitration award. PERB did not determine in that matter whether the benefits set forth in the arbitration award applied to the plaintiffs, who were never members of the COA. Therefore, the [*2]doctrine of collateral estoppel is inapplicable to that issue (see generally Launders v Steinberg, 9 NY3d 930, 932; Douglas Elliman, LLC v Silver, 143 AD3d 752, 754).
Additionally, the plaintiffs' failure to pursue the grievance procedure in the CBA does not warrant dismissal of the cause of action to recover damages for breach of contract. The CBA limits invocation of the grievance procedure outlined therein to "bargaining unit member[s]." Since the plaintiffs were not members of the bargaining unit when they became aggrieved, they could not have pursued a grievance before commencing this action (see Matter of DeRosa v Dyster, 90 AD3d 1470, 1471-1472; cf. Matter of Dorme v Slingerland, 41 AD3d 596, 596-597; Sheridan v Town of Orangetown, 21 AD3d 365, 365-366).
The City's remaining contentions are without merit.
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court