Kovkov v Law Firm of Dayrel Sewell, PLLC (2020 NY Slip Op 02166)





Kovkov v Law Firm of Dayrel Sewell, PLLC


2020 NY Slip Op 02166


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Gische, J.P., Gesmer, Oing, Moulton, JJ.


11329 300163/18

[*1]Aleks Y. Kovkov, Plaintiff-Appellant,
v
Law Firm of Dayrel Sewell, PLLC, et al., Defendants, The Schutzer Group, et al., Defendants-Respondents.


Aleks Y. Kovkov, appellant pro se.
The Schutzer Group, PLLC, New York (Eric P. Schutzer of counsel), for The Schutzer Group, PLLC and Rickin Desai, respondents.
Cullen and Dykman LLP, Garden City (Ryan Soebke of counsel), for Anthony Agolia and Fordham University, respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about January 7, 2019, which granted defendants-respondents Anthony Agolia and Fordham University's motion and defendants-respondents The Schutzer Group, PLLC and Rickin Desai's motion, each pursuant to CPLR 3211(a) to dismiss the complaint as against them, and dismissed the complaint as against them with prejudice, unanimously affirmed, without costs.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleadings are afforded a liberal construction and the only issue is whether the facts alleged, accepted as true, state a claim (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). New York does not recognize an independent cause of action for civil conspiracy, which may only be asserted to connect actions of separate defendants to an underlying tort (see Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 474 [1st Dept 2010]). To assert a civil conspiracy claim, the complaint must allege a cognizable cause of action, agreement among the conspirators, an overt act in furtherance of the agreement, intentional participation by the conspirators in furtherance of a plan or purpose, and damages (id.). Bare, conclusory allegations of conspiracy are insufficient (Schwartz v Society of N.Y. Hosp., 199 AD2d 129, 130 [1st Dept 1993]). Here, the complaint only alleges bare, conclusory allegations that defendants-respondents engaged in a conspiracy to defraud plaintiff, to breach a retainer agreement he entered into with a nonparty to this appeal, to breach a
fiduciary duty and to intentionally inflict emotional distress upon him.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK