Habberstad v Revere Sec. LLC (2020 NY Slip Op 03071)





Habberstad v Revere Sec. LLC


2020 NY Slip Op 03071


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Friedman, J.P., Gische, Webber, Gesmer, Oing, JJ.


11565 655993/17

[*1]Susan A. Habberstad, et al., Plaintiffs-Appellants,
v
Revere Securities LLC, et al., Defendants, Peter Nussbaum, et al., Defendants-Respondents.


McGiff Halverson Dooley, LLP, Patchogue (Robert R. Dooley of counsel), for appellants.
Locke Lord LLP, New York (Ira G. Greenberg of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about April 25, 2019, which, insofar as appealed from as limited by the briefs, granted the motion of defendants Peter Nussbaum and Mazars USA LLP to dismiss the amended complaint's seventh and ninth causes of action, unanimously affirmed, with costs.
Plaintiffs' claim for breach of fiduciary duty founders on the governing trust agreement's exculpatory clause, which expressly relieved the trustees, including Nussbaum, of liability for acts and omissions other than willful misconduct (see Matter of Jastrzebski, 97 AD3d 819, 821 [2d Dept 2012]). Plaintiffs' attempt to circumvent the exculpatory clause by pointing to the alleged malfeasance of Nussbaum's fellow trustee and co-fiduciary is independently unavailing, as the co-fiduciary would have been protected by the exculpatory clause to the same extent as Nussbaum.
Plaintiffs' fiduciary duty claim is also untimely under the governing three-year limitations period. The essence of plaintiffs' allegations against Nussbaum is not that he was an active participant in an alleged fraudulent scheme, but that he endorsed it rather than opposed it. Any fraud allegations are at most incidental to the fiduciary duty claim (see Cusimano v Schnurr, 137 AD3d 527, 529 [1st Dept 2016]; Kaufman v Cohen, 307 AD2d 113, 118-119 [1st Dept 2003]). As plaintiffs concede, the fiduciary tolling doctrine is also inapplicable here, where plaintiffs seek money damages, rather than accounting or equitable relief (see Matter of Yin Shin Leung Charitable Found. v Seng, 177 AD3d 463, 464 [1st Dept 2019]; Cusimano, 137 AD3d at 530-531).
Plaintiffs fail to state a claim for aiding and abetting fraud. The motion court dismissed all fraud claims, and plaintiffs have abandoned their appeal from that aspect of the order on review. Since there is no underlying fraud claim, the aiding and abetting claim must also be [*2]dismissed (see Empire Outlet Bldrs. LLC v Construction Resources Corp. of N.Y., 170 AD3d 582, 583 [1st Dept 2019]; McBride v KPMG Intl., 135 AD3d 576, 578 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK