ELM Suspension Sys., Inc. v 45 E. 33rd St. Condominium (2022 NY Slip Op 00247)





ELM Suspension Sys., Inc. v 45 E. 33rd St. Condominium


2022 NY Slip Op 00247


Decided on January 13, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 13, 2022

Before: Acosta, P.J., Manzanet-Daniels, González, Mendez, Rodriguez, JJ. 


Index No. 653346/20 Appeal No. 15056 Case No. 2021-03359 

[*1]ELM Suspension Systems, Inc., Plaintiff-Appellant,
v
The 45 East 33rd Street Condominium, Defendant-Respondent, Metal & Glass Solutions Corp., Defendant.


The Law Offices of Scott M. Yaffe, New York (Scott M. Yaffe of counsel), for appellant.
Herrick, Feinstein LLP, New York (Joshua S. Stricoff of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about March 5, 2021, which granted defendant The 45 East 33rd Street Condominium's motion to dismiss the complaint as against it, unanimously affirmed, without costs.
The motion court correctly applied the three-year statute of limitations applicable to actions to recover on liabilities created or imposed by statute (CPLR 214[2]) to plaintiff's claim under Real Property Law § 339-l. Although CPLR 214(2) does not apply to "claims which, although provided for in a statute, merely codify or implement an existing common-law liability," it was properly applied here because the Real Property Law § 339-l claim, although "akin to" a common law constructive trust claim, expands upon the common law of constructive trust such that it "would not exist but for the statute" (see People v Credit Suisse Sec. (USA) LLC, 31 NY3d 622, 629, 632-633 [2018]). Real Property Law § 339-l dispenses with the necessity of showing a confidential or fiduciary relationship, a promise, a transfer in reliance thereon, or unjust enrichment, as required for imposition of a constructive trust at common law (see Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 473 [1st Dept 2010]). Although courts have observed that a constructive trust may be imposed even where some of these traditional elements are not present (see Simonds v Simonds, 45 NY2d 233, 241 [1978]; Robinson v Day, 103 AD3d 584, 587 [1st Dept 2013]), it is Real Property Law § 339-l that created a special, blanket carve-out from these requirements in the condominium context.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2022