Republic of Kazakhstan v Chapman (2023 NY Slip Op 03211)

Republic of Kazakhstan v Chapman

2023 NY Slip Op 03211

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Oing, J.P., Singh, Moulton, Scarpulla, Shulman, JJ. 

Index No. 652522/20 Appeal No. 444 Case No. 2022-04277 

[*1]Republic of Kazakhstan, Plaintiff-Appellant,
v
Daniel Chapman et al., Defendants-Respondents.

Norton Rose Fulbright US LLP, New York (Felice B. Galant of counsel) and Norton Rose Fulbright US LLP, Washington, DC (Matthew H. Kirtland of the bar of the State of Maryland and the bar of the District of Columbia, admitted pro hac vice, of counsel) for appellant.
Faegre Drinker Biddle & Reath LLP, New York (Clay J. Pierce of counsel), and Akin Gump Strauss Hauer & Feld LLP, New York (Stephen M. Baldini of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered August 29, 2022, which granted defendants' motion to dismiss this action alleging conspiracy to commit fraud, aiding and abetting fraud, and English law-based unlawful means conspiracy, unanimously affirmed, with costs.
This action arises in the aftermath of an arbitration award by the Swedish Chamber of Commerce in December 2013, under the Energy Charter Treaty, rendered against plaintiff in favor of nonparties Anatolie Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Trans Trading Ltd. (together, the Statis), plaintiff's efforts to annul that award in Sweden, the efforts of the Statis to enforce the award in several jurisdictions, and plaintiff's efforts to defeat enforcement (see Stati v Republic of Kazakhstan, 302 F Supp 3d 187, 191-193 [D DC 2018], affd 773 F Appx 627 [2d Cir 2019], cert denied 140 S Ct 381 [2019]; see also Republic of Kazakhstan v Stati, 380 F Supp 3d 55, 59-65 [D DC 2019], affd 801 F Appx 780 [DC Cir 2020]). Plaintiff alleges that this arbitration was the result of fraud during the underlying transaction — the construction of a liquefied petroleum gas plant — and that the award itself was procured by fraud on the tribunal. Plaintiff also alleges that the Statis committed numerous other acts of fraud, which were not addressed in the arbitration award. Defendants are not alleged to have participated in any of these frauds.
Defendants or their predecessors-in-interest held notes issued by a subsidiary company owned by the Statis in Kazakhstan, under which the Statis defaulted on interest payments, and they agreed to a separate agreement while the arbitration was pending to share proceeds from the arbitration in lieu of receiving the principal and interest due on the notes. Plaintiff alleges that defendants did so with knowledge of the Statis' fraud. Plaintiff further alleges that, following the initial award, defendants funded the Statis' litigation and assisted them with their litigation strategy. Plaintiff contends that this litigation assistance facilitated the Statis' fraud. Plaintiff further alleges that defendants communicated with the Statis about government and media relations, that they made false statements to the public through a website and press releases, and that they made or threatened to make false statements to the U.S. Government.
We hold that the doctrine of collateral estoppel bars this action. Plaintiff has litigated the fraud alleged herein before Swedish arbitrators, the Swedish (Svea) Court of Appeal, and the District Court for the District of Columbia, which enforced the arbitral award under the Federal Arbitration Act. Plaintiff's purportedly "new" evidence thus relates to this same fraud claim plaintiff has been pursuing for over a decade, including allegations that the Statis diverted funds, inflated construction costs, used funds that should have been sequestered as collateral, and paid their companies inflated prices for [*2]drilling services. These allegations cannot undermine the preclusive effect of the earlier decisions. "There is a well-settled rule prohibiting challenges to arbitral awards on the basis of newly discovered evidence . . . Without such a rule, the arbitration award would be the beginning rather than the end of the controversy and the protracted litigation which arbitration is meant to avoid would be invited" (Matter of Hirsch Constr. Corp. [Cooper], 181 AD2d 52, 55 [1st Dept 1992][internal quotation marks and citation omitted], lv denied 81 NY2d 701 [1992] [rejecting challenge to arbitration award on the basis of "newly discovered evidence which was not before the arbitrators"]; Matter of DiNapoli v Peak Automotive, Inc., 34 AD3d 674, 675 [2d Dept 2006], citing Matter of Hirsch; see also Restatement [Second] of Judgments, § 27, comment c [1982] ["(I)f the party against whom preclusion is sought did in fact litigate an issue of ultimate fact (i.e., an issue requiring application of law to fact) and suffered an adverse determination, new evidentiary facts may not be brought forward to obtain a different determination of that . . . (issue)"]; Karaha Bodas Co., L.L.C. v Perusahaan Pertambangan Minyak Da Gas Bumi Negara, 500 F3d 111, 122 [2d Cir 2007]).
Even if collateral estoppel did not apply to all of plaintiff's claims, those claims would still warrant dismissal for failure to state a cause of action (CPLR 3211 [a] [7]). The aiding and abetting fraud and conspiracy to commit fraud claims fail, since the complaint does not include detailed allegations of an underlying fraud (see CPLR 3016 [b]; Habberstad v Revere Sec. LLC, 183 AD3d 532, 533 [1st Dept 2020]; Kovkov v Law Firm of Dayrel Sewell, PLLC, 182 AD3d 418, 419 [1st Dept 2020]). Specifically, the allegations do not support justifiable reliance on the Statis' misrepresentations of fact or omissions (see Rapaport v Strategic Fin. Solutions, LLC, 190 AD3d 657, 657-658 [1st Dept 2021]), as they "were undertaken in the course of adversarial proceedings and were fully controverted" by plaintiff's own proffered evidence (Sammy v Haupel, 170 AD3d 1224, 1226-1227 [2d Dept 2019]; see also Shaffer v Gilberg, 125 AD3d 632, 635 [2d Dept 2015] [the plaintiff "always maintained that he knew" promissory notes were fake]; Zappin v Comfort, 2022 WL 6241248, at *15 [SD NY 2022] ["In the context of an adversarial proceeding, Plaintiff is hard-pressed to assert reliance on claims that he constantly disputed"]). Plaintiff's allegations of misrepresentations to parties other than arbitrator tribunals or courts additionally fail for lack of damages.
The claim for conspiracy to commit fraud also fails because the allegations of an "agreement among the conspirators" are "conclusory" (Kovkov, 182 AD3d at 419), while the aiding and abetting claim fails because the complaint includes only "'allegations which would be sufficient to state a claim against the principal participants in the fraud' combined with conclusory [*3]allegations that the aider and abettor had actual knowledge of such fraud" (Goel v Ramachandran, 111 AD3d 783, 792 [2d Dept 2013], quoting National Westminster Bank v Weksel, 124 AD2d 144, 149 [1st Dept 1987], lv denied 70 NY2d 604 [1987]).
The claim under English law alleging unlawful means conspiracy conflicts with New York law, in that it allows for a conspiracy claim without the commission of an underlying tort (compare In re Nortel Networks, Inc., 469 BR 478, 513 [D Del Bankr 2012] [English law allows claim for agreement "to do an unlawful act" with intent to harm, which causes harm to a plaintiff], with Alexander & Alexander of N.Y. v Fritzen, 68 NY2d 968, 969 [1986] ["a mere conspiracy to commit a [tort] is never of itself a cause of action"]). As "the conflict pertains to a conduct-regulating rule, the law of the place where the tort occurs will generally apply" because that jurisdiction "will almost always have the greatest interest in regulating conduct within its borders" (Elmaliach v Bank of China Ltd., 110 AD3d 192, 202 [1st Dept 2013]; see also City of Almaty v Sater, 503 F Supp 3d 51, 63 [SD NY 2020]).
Here, the vast conspiracy alleged concerning unlawful means did not occur in England, save for the Statis' proceeding seeking to enforce the arbitration award there and defendants' funding of an appeal in that proceeding. Moreover, insofar as the claim applies, the complaint does not identify an unlawful act in England that defendants agreed to commit.
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023