Acheson v Pelliccia (2023 NY Slip Op 06610)

Acheson v Pelliccia

2023 NY Slip Op 06610

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, BANNISTER, OGDEN, AND DELCONTE, JJ.

762 CA 22-01759

[*1]LYNN ACHESON, PLAINTIFF-APPELLANT,
v
MICHAEL PELLICCIA, DEFENDANT-RESPONDENT. 

VAN LOON LAW, LLC, ROCHESTER (NATHAN A. VAN LOON OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LAW OFFICE OF RICHARD C. BRISTER, ESQ., PITTSFORD (RICHARD C. BRISTER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Elena F. Cariola, J.), entered August 29, 2022. The order and judgment granted the motion of defendant for summary judgment and dismissed the amended complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for fraud and breach of contract arising from her purchase of a home from defendant, alleging that defendant intentionally misrepresented in the property condition disclosure statement required by Real Property Law § 462 that there was no asbestos on the property and no material defects in the sewage system. Several months after closing on the home, plaintiff discovered asbestos in the siding and interior duct insulation. A year and a half after that, the sewer line backed up, and plaintiff was advised by the Town of Irondequoit Department of Public Works that the line needed to be replaced. Following discovery, defendant moved for summary judgment on the grounds that the purchase and sale contract provided that the property was sold in "as is" condition, that he did not prevent plaintiff from inspecting the home and, because he did not know that there was asbestos or material defects in the sewage system in the home, the representations he made in the disclosure statement were true to the best of his knowledge. Supreme Court granted the motion and dismissed the amended complaint. We affirm.
We reject plaintiff's sole contention on appeal, that, in granting the motion with respect to the fraud cause of action, the court improperly evaluated defendant's credibility with respect to his representations on the disclosure statement that he had no knowledge of asbestos on the property or material defects in the sewage system. " 'Although New York traditionally adheres to the doctrine of caveat emptor in an arm's length real property transfer . . . , Real Property Law article 14 codifies a seller's disclosure obligations for certain residential real property transfers,' " such as the transaction at issue here (Sample v Yokel, 94 AD3d 1413, 1415 [4th Dept 2012]; see Klafehn v Morrison, 75 AD3d 808, 810 [3d Dept 2010]). "False representation in a property condition disclosure statement mandated by Real Property Law § 462 (2) may constitute active concealment in the context of fraudulent nondisclosure . . . , [but] to maintain such a cause of action, the buyer[ ] must show, in effect, that the seller thwarted the buyer['s] efforts to fulfill the buyer['s] responsibilities fixed by the doctrine of caveat emptor" (Sample, 94 AD3d at 1415 [internal quotation marks omitted]; see Klafehn, 75 AD3d at 810). A defendant will meet the "initial burden on that part of the motion with respect to the fraud cause of action by submitting evidence that [the defendant] did not knowingly fail to disclose any defects in the property" (Sample, 94 AD3d at 1415).
Here, defendant met his initial burden on the motion with respect to the fraud cause of [*2]action by submitting his deposition testimony and affidavit averring that he did not know there was any asbestos in the home or material defects in the sewage system when he completed the disclosure statement (see id.), thereby shifting the burden to plaintiff "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Plaintiff failed to raise a triable issue of fact in opposition. The only evidence offered by plaintiff was the fact that, since 1985, defendant lived in and made various improvements to the home. Plaintiff's "mere conclusions" and "unsubstantiated allegations" that living in the home and making improvements thereon during that period could have given rise to defendant knowing about asbestos or material defects in the sewage system in the home are insufficient to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), and do not create a "bona fide issue with respect to [defendant's] credibility" (Tronolone v Praxair, Inc., 22 AD3d 1031, 1033 [4th Dept 2005] [internal quotation marks omitted]). The court, therefore, properly granted defendant's motion with respect to the fraud cause of action (see Sample, 94 AD3d at 1415; Meyers v Rosen, 69 AD3d 1095, 1098 [3d Dept 2010]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court