Golden v EcoHealth Alliance, Inc. (2025 NY Slip Op 05188)

Golden v EcoHealth Alliance, Inc.

2025 NY Slip Op 05188

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Manzanet-Daniels, J.P., Scarpulla, Kennedy, Kapnick, Higgitt, JJ. 

Index No. 157687/23|Appeal No. 4130-4131|Case No. 2024-00868, 2024-02096|

[*1]Jenny Golden, etc., et al., Plaintiffs-Appellants,
v
EcoHealth Alliance, Inc., et al., Defendants-Respondents. 

Finn Firm, Peral River (Patricia Finn of counsel), for appellants.
Tarter Krinsky & Drogin LLP, New York (Juan S. Olivo of counsel), for respondents.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered on or about February 5, 2024, which granted defendants' motion to dismiss the amended complaint, unanimously affirmed, without costs. Order, same court and Justice, entered on or about March 21, 2024, which, to the extent appealed from as limited by the briefs and appealable, denied plaintiffs' motion for leave to renew, unanimously affirmed, without costs.
Plaintiffs are individuals or the estates of individuals who suffered serious injury and/or death as a result of medical complications caused by Covid-19 infection in 2021. They bring this action against defendants EcoHealth Alliance, Inc., a United States scientific institution researching zoonotic diseases (diseases caused by germs that spread between animals and people), and Peter Daszak, EcoHealth's former president and principal investigator.
On a CPLR 3211 motion to dismiss, our analysis must begin with the complaint (see Leon v Martinez, 84 NY2d 83, 87-88 [1994] ["We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory"]). While plaintiffs' complaint alleges that "a coronavirus with potential to cause a pandemic had leaked from the WIV [Wuhan Institute of Virology]," it fails to allege defendants' connection to WIV beyond funding coronavirus research conducted there. We decline to take judicial notice of the lack of consensus in government intelligence and the scientific community as to the etiology of the coronavirus pandemic, as the motion court did, as this complex issue documented in numerous studies and investigations outside the record on appeal is "not readily comprehensible without the assistance of explanatory expert guidance, which has not been provided" (Aristy-Farer v State of New York, 143 AD3d 101, 114 [1st Dept 2016]). This is not the type of "widely accepted and unimpeachable" information that is the proper subject of judicial notice (Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co., 61 AD3d 13, 20 [2d Dept 2009] [internal quotation marks omitted]; see CPLR 4511; Walker v City of New York, 46 AD3d 278, 282 [1st Dept 2007]). The negligence and negligent infliction of emotional distress claims were properly dismissed because there is no basis to infer that defendants owed plaintiffs a duty of care and "[w]ithout a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm" (see Lauer v City of New York, 95 NY2d 95, 100 [2000]). It is not enough to show a "general duty to society"; there must be a "specific duty" to plaintiffs (Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 232 [2001]; see also Davis v South Nassau Communities Hosp., 26 NY3d 563, 572-574 [2015]; Lauer, 95 NY2d at 100; Johnson v Jamaica Hosp., 62 NY2d 523, 527 [1984]). Here, plaintiffs have alleged only the former.
The strict liability for common-law public nuisance claim was properly dismissed because plaintiffs have not suffered a special injury different in kind from the injuries suffered by others (see generally 532 Madison Ave. Gourmet Foods, Inc. v Finlandia Ctr., 96 NY2d 280, 292-294 [2001]; Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 334-335 [1983]). Although "[p]hysical injuries to particular persons are generally sufficient to constitute harm different in kind under New York law" (Johnson v Bryco Arms, 304 F Supp 2d 383, 392 [ED NY 2004]; see Andersen v University of Rochester, 91 AD2d 851, 851 [4th Dept 1982], appeal dismissed 59 NY2d 968 [1983]), in a case like this, in which the public nuisance alleged consists of the creation and release of a novel virus, physical injuries resulting from infection therewith (although differing in degree) are of the same kind suffered by all who are affected.
The intentional infliction of emotional distress claim was properly dismissed because there is no indication that defendants intended to cause plaintiffs emotional distress (see Three Crown LP v Caxton Corp., 817 F Supp 1033, 1048-1049 [SD NY 1993]).
The strict liability for abnormally dangerous activity claim was also properly dismissed. While plaintiffs allege that defendants "deliberately engaged in the creation and genetic modification of dangerous coronaviruses, including SARS-CoV-2, for the purpose of enhancing their virulence, transmissibility and lethality for human beings" — so-called "gain of function" research — they do not allege any connection between defendants and WIV beyond defendants funding such "gain of function" coronavirus research conducted there. Specifically, plaintiffs do not allege that defendants controlled or were in any position to control the acts of WIV or how it carried out its research. The issue before us is not whether the virus itself is dangerous but rather whether the specific conduct allegedly engaged in by each defendant is abnormally dangerous to the extent of causing the harm suffered by plaintiffs. Since plaintiffs do not allege that defendants controlled the laboratory at WIV or had any control of the methods of its research, we find, as other courts have already done in similar cases, that plaintiffs have failed to demonstrate how the mere funding of coronavirus research created a high risk of harm that could not be eliminated through the exercise of reasonable care (see i.e. Heath v EcoHealth Alliance, 2024 WL 5168072, *6-7, 2024 US Dist LEXIS 231002, *15-18 [SD NY 2024]; Matter of Jones v New York City Tr. Auth., 2023 N.Y. Misc. LEXIS 51267, *11-15 [Sup Ct, Rockland County 2023]; Vega v EcoHealth Alliance, Inc., 2023 NY Misc. LEXIS 51268, *11-12 [Sup Ct, Nassau County 2023]).
The civil conspiracy claim was properly dismissed because New York does not recognize an independent civil conspiracy cause of action (see Kovkov v Law Firm of Dayrel Sewell, PLLC, 182 AD3d 418, 418 [1st Dept 2020], lv denied 36 NY3d 909 [2021]).
The survival claim was properly dismissed because there is no such independent cause of action; a survival claim merely refers to the concept that an otherwise existing cause of action for personal injury is not "lost because of the death of the person in whose favor the cause of action existed" (Estates, Powers and Trusts Law § 11-3.2[b]). Plaintiffs may plead an independent cause of action for wrongful death, but the existence of a valid wrongful death claim depends on the existence of an underlying "wrongful act, neglect or default" of defendants "by which the decedent's death was caused" (Chong v New York City Tr. Auth., 83 AD2d 546, 547 [2d Dept 1981]; see Estate of Jaquez v City of New York, 104 F Supp 3d 414, 440 [SD NY 2015], affd 706 Fed Appx 709 [2d Cir 2017]). Thus, as all other claims were properly dismissed, so too was the claim for wrongful death.
Plaintiffs' motion to renew was properly denied due to plaintiffs' failure to proffer any new facts (or law) that were not reasonably available to them at the time of their opposition to the prior motion to dismiss (see generally CPLR 2221[e]; Henry v Peguero, 72 AD3d 600, 602 [1st Dept 2010], appeal dismissed 15 NY3d 820 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025