Century First Credit Solutions, Inc. v Priority Capital, LLC (2026 NY Slip Op 00224)

Century First Credit Solutions, Inc. v Priority Capital, LLC

2026 NY Slip Op 00224

Decided on January 20, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 20, 2026

Before: Kern, J.P., Scarpulla, Kapnick, Shulman, Hagler, JJ. 

Index No. 653287/15, 595086/16|Appeal No. 5627|Case No. 2021-04293|

[*1]Century First Credit Solutions, Inc., Plaintiff-Appellant,
vPriority Capital, LLC, et al., Defendants-Respondents. [And A Third-Party Action] 

Law Office of Brian L. Greben, Great Neck, (Brian L. Greben of counsel), for appellant.

Order, Supreme Court, New York County (Nancy Bannon, J.), entered on or about July 21, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing all causes of action against individual defendants Christopher Woodcock and John Amato, unanimously modified, on the law, and the motion denied with respect to the cause of action for misappropriation of trade secrets (seventh cause of action) as against the individual defendants and the cause of action for conspiracy to misappropriate trade secrets (eighth cause of action), and those causes of action reinstated, and otherwise affirmed, without costs.
Supreme Court properly dismissed the second cause of action for conspiracy to tortiously interfere with contractual relations as against the individual defendants. The complaint contains only bare, conclusory allegations that the individual defendants so conspired, which is insufficient to sustain a cause of action for civil conspiracy (see Kovkov v Law Firm of Dayrel Sewell, PLLC, 182 AD3d 418, 419 [1st Dept 2020]).
However, Supreme Court improperly dismissed the misappropriation of trade secrets cause of action as asserted against the individual defendants. In granting the motion to dismiss against those defendants, the court limited its analysis of their liability to the issue of whether they completely dominated the corporation with respect to the transaction attacked, finding that there was no basis to pierce the corporate veil. However, even where the corporate veil is not pierced, a corporate officer who participates in and benefits from the commission of a tort may still be held individually liable (L.I. City Ventures LLC v Sismanoglou, 158 AD3d 567, 568 [1st Dept 2018]; Fletcher v Dakota, Inc., 99 AD3d 43, 49 [1st Dept 2012]; American Express Travel Related Servs. Co. v North Atl. Resources, 261 AD2d 310, 311 [1st Dept 1999]). The record presents sufficient evidence regarding the individual defendants' participation, for their own personal gain, in the corporate defendant's allegedly tortious acts, thus raising issues of material fact as to their personal liability. Thus, the claim for misappropriation of trade secrets should be reinstated as against Woodcock and Amato.[FN1]
Further, Supreme Court improperly dismissed the cause of action for conspiracy to misappropriate trade secrets. This conspiracy claim was dismissed not based on the merits of the claim, but because the court had already dismissed all causes of action against the individual defendants, thus precluding a finding of any agreement between or among defendants. However, because the cause of action for misappropriation of trade secrets is being reinstated as against Woodcock and Amato in their individual capacities, the related conspiracy cause of action should also be reinstated. Moreover, the record shows that there are triable issues of fact as to the individual defendants' liability for the conspiracy cause of action.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 20, 2026

Footnotes

Footnote 1: Supreme Court denied defendants' summary judgment motion regarding the claim for misappropriation of trade secrets as against the corporate defendant.